B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>Eugene Pelikov<br>14 Orleans Avenue<br>Salem, MA 01970 | **DEFENDANTS**<br>Lev Goldfarb<br>Lydmila Rogalin<br>6 Loring Hills Avenue, C-6<br>Salem, MA 01970 |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Val Gurvits, Esq.<br>Boston Law Group, LLP   825 Beacon Street, Suite 20   Newton Center, MA 02459 | **ATTORNEYS** (If Known)<br>Vladimir von Timroth, Esq.<br>Law Office of Vladimir von Timroth<br>405 Grove Street, Suite 204<br>Worcester, MA 01605<br>Tel. 508-753-2006 Fax 774-221-9146 |
| **PARTY** (Check One Box Only)<br>[ ] Debtor      [ ] U.S. Trustee/Bankruptcy Admin<br>[X] Creditor    [ ] Other<br>[ ] Trustee | **PARTY** (Check One Box Only)<br>[X] Debtor      [ ] U.S. Trustee/Bankruptcy Admin<br>[ ] Creditor    [ ] Other<br>[ ] Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUES INVOLVED)

**NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. Sec. 1446**

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) - Recovery of Money/Property**
- [ ] 11-Recovery of money/property - §542 turnover of property
- [ ] 12-Recovery of money/property - §547 preference
- [ ] 13-Recovery of money/property - §548 fraudulent transfer
- [ ] 14-Recovery of money/property - other

**FRBP 7001(2) - Validity, Priority or Extent of Lien**
- [ ] 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) - Approval of Sale of Property**
- [ ] 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) - Objection/Revocation of Discharge**
- [ ] 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) - Revocation of Confirmation**
- [ ] 51-Revocation of confirmation

**FRBP 7001(6) - Dischargeability**
- [ ] 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
- [ ] 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
- [ ] 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) - Dischargeability (continued)**
- [ ] 61-Dischargeability - §523(a)(5), domestic support
- [ ] 68-Dischargeability - §523(a)(6), willful and malicious injury
- [ ] 63-Dischargeability - §523(a)(8), student loan
- [ ] 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
- [ ] 65-Dischargeability - other

**FRBP 7001(7) - Injunctive Relief**
- [ ] 71-Injunctive relief - imposition of stay
- [ ] 72-Injunctive relief - other

**FRBP 7001(8) Subordination of Claim or Interest**
- [ ] 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
- [ ] 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
- [X] 01-Determination of removed claim or cause

**Other**
- [ ] SS-SIPA Case - 15 U.S.C. §§78aaa *et.seq.*
- [ ] 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

[ ] Check if this case involves a substantive issue of state law          [ ] Check if this is asserted to be a class action under FRCP 23

[ ] Check if a jury trial is demanded in complaint          Demand $

Other Relief Sought

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES |||
|---|---|---|
| NAME OF DEBTOR<br>Lev Goldfarb<br>Lydmila Rogalin || BANKRUPTCY CASE NO.<br>16-12339 |
| DISTRICT IN WHICH CASE IS PENDING<br>District of Massachusetts | DIVISION OFFICE<br>Boston | NAME OF JUDGE<br>Frank J. Bailey |
| RELATED ADVERSARY PROCEEDING (IF ANY) |||
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br><br>/s/ Vladimir von Timroth<br>Vladimir von Timroth 643553 |||
| DATE<br>July 20, 2016 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Vladimir von Timroth 643553 ||

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs and Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS (WORCESTER)

_____

In re:
LEV GOLDFARB                                   Chapter 13
LYDMILA ROGALIN,                         Case No. 16-12339
        Debtor

_____

EUGENE PELIKOV
        Plaintiff,
vs.

GOLD AND FARB, INC.,                     Adversary Proceeding #:
LEV GOLDFARB,
ALEXANDER GOLDFARB AND
LYDMILA ROGALIN
        Defendants.

_____

NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. Sec. 1446
_____

LEV GOLDFARB and LYDMILA ROGALIN (hereinafter "the Debtors"), the Defendants, hereby remove the civil action presently pending in the Essex County Superior Court, styled as <u>Eugene Pelikov vs. Gold and Farb, Inc., Lev Goldfarb, Alexander Goldfarb and Lydmila Rogalin</u>, Docket #:1577CV01902A (hereinafter the "Action") to the United States Bankruptcy Court for the District of Massachusetts Pursuant to 28 U.S.C. §1446, Rule 9027 of the Federal Rules of Bankruptcy Procedure, and Rule 81.1 of the Local Rules of the United States District Court for the District of Massachusetts.

<u>STATEMENT OF GROUNDS FOR REMOVAL</u>

1. On or about June 17, 2016 (hereinafter the "Petition Date"), the Debtors commenced this Chapter 13 Bankruptcy by filing a Voluntary Petition under Chapter 13 of the United States Bankruptcy Code (hereinafter the "Petition").

2. Pre-petition from approximately mid 1990s the Debtors owned a company known as Gold and Farb, Inc. (hereinafter "G&F") which operated a small grocery store in Lynn, Massachusetts.

3. On or about 2008, Eugene Pelikov invested the sum of approximately $125,000.00 in exchange for 25% interest in G&F. In conjunction with this investment the Debtors and

Pelikov executed a Shareholder's Agreement which, among other things, provide that G&F employed Pelikov at the annual salary of approximately $52,000.00.

4. In or about November 2013, G&F, through the Debtors and Pelikov, made a decision to relocate the store from 145 Broad Street, Lynn, Massachusetts to the new business premises located at 151-153 Broad Street, Lynn, Massachusetts.

5. In anticipation of the relocation to the new premises the Debtor, Lev Goldfarb, and Pelikov executed a new business real estate lease and personal guarantee and entered into various financial and lease equipment arrangements.

6. The Debtor, Lev Goldfarb, and Pelikov further agreed in principal that their compensation would be temporarily reduced during the period of uncertainty associated with the relocation of the store.

7. Shortly thereafter, after an argument with Lev Goldfarb, Pelikov informed G&F that he "quit." Furthermore, after quitting, Pelikov unilaterally contacted at least one of the equipment leasing companies, North Star Leasing, demanding in writing that his name be removed as a guarantor, thereby, putting G&F's effort to relocate the business in jeopardy. As a result of Pelikov's actions, amounting to an act of sabotage against the Debtors and G&F, the equipment lease was cancelled by the lessor. In addition, Pelikov attempted to unilaterally terminate a business loan arrangement between TD Bank and G&F.

8. The Debtors believe that Pelikov's actions with regards to his departure from G&F and his effort to undermine the business tantamount to a breach of his fiduciary duty owed to the Debtors as shareholders of a closely held company.

9. Following his voluntary separation from G&F, Pelikov, through his counsel, demanded a payment of $300,000.00 from the Debtors and G&F. At the time the demand was made Pelikov knew that G&F was in the process of relocating the business to a new location and did not have sufficient liquidity to buy Pelikov's interest.

10. Pelikov justified his demand for payment of $300,000.00 by alleging that the Debtors embezzled cash and failed to pay business taxes. These allegations were not supported by

any facts and as such were false. In view of this, the Debtors rejected Pelikov's monetary demands.

11. However, after Pelikov's departure and claim that he was unable to work due to his poor health, the Debtor, Lev Goldfarb, informed Pelikov that G&F will keep his position with the company vacant for 60 days to allow Pelikov to recover and return to work. Pelikov did not take this offer.

12. Instead, Pelikov commenced the Action in Essex Superior Court.

13. In his Complaint, Pelikov alleged that the Debtors, and their son, Alex Goldfarb, defrauded him, and embezzled money from G&F thereby depriving Pelikov of his rightful share of profits. Again, Pelikov failed to allege any actual acts which may form a cause of action for fraud or embezzlement.

14. During the pendency of the Action, the Superior Court ordered that all the counts of the Action except count XI of the Complaint be submitted to arbitration. The Superior Court further allowed Pelikov to submit a demand for disclosure of corporate records under M.G.L. Ch. 156D, Section 16.04.

15. Pelikov has filed a Motion for Relief from the Automatic Stay seeking this Court's permission to continue with his litigation effort on Count XI of the Complaint in the Action against G&F and to seek arbitration against the only remaining non-bankrupt individual defendant in the Action, the Debtor's son, Alex Goldfarb.

16. Pursuant to 28 U.S.C. § 1334 the district court in which a case under title 11 is commenced or is pending shall have exclusive jurisdiction of all of the property, wherever located, of the debtor as of the commencement of such case, and of property of the estate. G&F's stock and Lev Goldfarb's income from employment with G&F represent the main asset of the Debtors. Therefore, the U.S. Bankruptcy Court, by virtue of the automatic order of reference from the U.S. District Court for the District of Massachusetts has exclusive jurisdiction over the property of the Debtors, including the stock of G&F.

17. Pursuant to Rule 9027(a)(2) of the Federal Rules of Bankruptcy Procedure "if a claim or

cause of action in a civil action is pending when a case under the Code is commenced, a notice of removal may be filed only within the longest of (A) 90 days after the order for relief in the case under the Code, (B) 30 days after entry of an order terminating a stay ..."

Fed. R. Bankr. P. 9027(a)(2)

18. Furthermore, pursuant to 28 U.S.C. §157(a) and Rule 201 of the Local Rules of the United States District Court for the District of Massachusetts:

> "any and all cases arising under Title 11 United States Code and any and all proceedings arising under Title 11 or arising in or related to a case under Title 11 shall be referred to the judge of the bankruptcy court."

LR. D.Mass. 201.

WHEREFORE, the Debtors, Lev Goldfarb and Ludmila Rogalin the Action be removed to this Court.

LEV GOLDFARB and
LYDMILA ROGALIN,
By their counsel:

*/s/ Vladimir von Timroth*

_____
Vladimir von Timroth, Esq., BBO #643553
LAW OFFICE OF VLADIMIR VON TIMROTH
405 Grove Street, Suite 204
Worcester, MA 01605
Tel. 508-753-2006
Fax 774-221-9146
vontimroth@gmail.com