COMMONWEALTH OF MASSACHUSETTS

Essex, ss.

In re:

Eugene Pelikhov,

        Plaintiff

vs.

Gold and Farb, Inc.
Lev Goldfarb
Alexander Goldfarb, and
Lydmila Rogalin

Trial Court Division
Essex Superior Court
Civil Action No. 1577CV01902A

## ANSWER

NOW COME, Gold and Farb, Inc., Lev Goldfarb, Alexander Goldfarb, and Lydmila Rogalin (hereinafter the "Defendants") and hereby submit their answer to the complaint of the Plaintiff, Eugene Pelikov. Except as expressly admitted, qualified or explained herein, the Defendant denies each and every allegation of the complaint.

1. No response required as averment calls for conclusions of law.
2. Admitted.
3. Admitted.
4. Admitted.
5. Admitted.
6. Admitted.
7. Admitted.
8. Admitted.
9. Admitted.
10. Admitted.

11. Admitted.

12. Admitted.

13. Admitted.

14. No response required as to the averment as the referenced documents speak for itself.

15. The Defendants do not have sufficient information to either admit or deny the averment.

16. Admitted.

17. Admitted.

18. Admitted.

19. The Defendants do not have sufficient information to either admit or deny the averment.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

24. No response required as averment calls for conclusions of law.

25. No response required as averment calls for conclusions of law.

26. No response required as averment calls for conclusions of law.

27. No response required as averment calls for conclusions of law.

28. The Defendants do not have sufficient information to either admit or deny the averment.

29. The Defendants state that no response is required as each of the referenced document(s) speaks for themselves.

30. Admitted.

31. No response required as averment calls for conclusions of law.

32. The Defendants state that no response is required as the referenced document speaks for itself.

33. The Defendants state that no response is required as the referenced document speaks for itself.

34. No response required as averment calls for conclusion of law.

35. The Defendants do not have sufficient information to either admit or deny the averment.

36. The Defendants do not have sufficient information to either admit or deny the averment.

37. The Defendants do not have sufficient information to either admit or deny the averment.

38. The Defendants do not have sufficient information to either admit or deny the averment.

39. The Defendants repeat and incorporate the answers to paragraphs 1-38.

40. No response is required as averment calls for conclusion of law.

41. No response is required as averment calls for conclusion of law.

42. Denied.

43. The Defendants repeat and incorporate the answers to the preceding paragraphs.

44. No response is required as averment calls for conclusion of law.

45. No response is required as averment calls for conclusion of law.

46. No response is required as averment calls for conclusion of law.

47. The Defendants do not have sufficient information to either admit or deny the averment.

48. The Defendants repeat and incorporate the answers to the preceding paragraphs.

49. Admitted.

50. Admitted.

51. The Defendants do not have sufficient information to either admit or deny the averment.

52. Denied.

53. Denied.

54. The Defendants do not have sufficient information to either admit or deny the averment.

55. The Defendants repeat and incorporate the answers to the preceding paragraphs.

56. The Defendants do not have sufficient information to either admit or deny the averment.

57. No response is required as averment calls for conclusion of law.

58. The Defendants do not have sufficient information to either admit or deny the averment.

59. The Defendants repeat and incorporate the answers to the preceding paragraphs.

60. The Defendants do not have sufficient information to either admit or deny the averment.

61. No response is required as averment calls for conclusion of law.

62. No response is required as averment calls for conclusion of law.

63. The Defendants repeat and incorporate the answers to the preceding paragraphs.

64. The Defendants do not have sufficient information to either admit or deny the averment.

65. Denied.

66. Denied.

67. Denied.

68. Denied.

69. The Defendants repeat and incorporate the answers to the preceding paragraphs.

70. Denied.

71. Denied.

72. Denied.

73. The Defendants repeat and incorporats the answers to the preceding paragraphs.

74. Denied.

75. Denied.

76. The Defendants repeat and incorporate the answers to the preceding paragraphs.

77. Denied.

78. Denied.

79. Denied.

80. Denied.

81. The Defendants repeat and incorporate the answers to the preceding paragraphs.

82. No response is required as averment calls for conclusion of law.

83. Denied.

84. Denied.

85. Denied.

86. Denied.

87. The Defendants repeat and incorporate the answers to the preceding paragraphs.

88. Denied.

89. Denied.

90. Denied.

    WHEREFORE, the Defendants, prays for relief as follows:

    A. Dismiss the Plaintiff's Complaint with prejudice;

    B. Deny all Counts I through V of the Plaintiff's Complaint;

    C. Deny the Plaintiff's request for interest; and

    D. Such other and further relief as the Court may deem just and proper.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The Plaintiff's Complaint is barred by the doctrines of waiver, estoppel, latches, and unclean hands.

### THIRD AFFIRMATIVE DEFENSE

If the Plaintiff has suffered any injury or damages as alleged, such injury or damage was caused by or is attributable, in whole or in part, to the Plaintiff's own negligent acts or omissions.

### FOURTH AFFIRMATIVE DEFENSE

The Plaintiff has failed to mitigate his alleged damages.

### FIFTH AFFIRMATIVE DEFENSE

Any injuries sustained by the Plaintiff were not the proximate result of any conduct of the Defendants, but were caused by the acts or omissions of others over whom the Defendants had no control or responsibility.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, due to Plaintiff's own comparative fault, culpable conduct, and assumption of risk.

### SEVENTH AFFIRMATIVE DEFENSE

Defendants reserve the right to assert additional affirmative defenses as the grounds for such affirmative defenses are discovered.

THE DEFENDANTS HEREBY REQUEST TRIAL BY JURY.

Gold and Farb, Inc., Lev Goldfarb
Alexander Goldfarb, and Lydmila Rogalin
by their counsel:

Vladimir von Timroth, Esq. BBO #643553
Law Office of Vladimir von Timroth
405 Grove Street, Suite 204
Worcester, MA 01605
Telephone: 508-756-2006
Facsimile: 774-221-9146
vontimroth@gmail.com

Dated: January 4, 2016

TRUE COPY, ATTEST
DEPUTY ASS'T. CLERK

## CERTIFICATE OF SERVICE

I, Vladimir von Timroth, do hereby certify that I provided a copy of the within ANSWER TO COMPLAINT by first class mail, postage prepaid this 4th day of January, 2016 to the parties below:

_____
Vladimir von Timroth, Esq. BBO#643553

Matthew Shayefar, Esq.
Valentin David Gurvits, Esq.
Boston Law Group, PC
825 Beacon St.
Newton Centre, MA 02459

Dated: January 4, 2016

A TRUE COPY ATTEST
DEPUTY ASS'T. CLERK

## VLADIMIR VON TIMROTH, ESQ.
ATTORNEY AT LAW
405 Grove Street, Suite 204
Worcester, MA 01605

Telephone (508) 753 2006                                        Facsimile (774) 221 9146

January 4, 2016

Essex County Superior Court
Clerk's Office
56 Federal Street
Salem, MA 01970

Re:   Eugene Pelikov vs. Gold and Farb, Inc. et. al.
      Civil action #: 1577CV01902

Dear Sir/Madam:

Please find enclosed herewith the following documents with regard to the above-referenced matter:

1. Answer to Complaint;
2. Certificate of Service.

Sincerely,

Vladimir von Timroth

Encl.
Cc: Alexander Goldfarb

A TRUE COPY, ATTEST
DEPUTY ASS'T. CLERK