Case 16-01131   Doc 5-6   Filed 08/05/16   Entered 08/05/16 13:29:59   Desc Exhibit
Order on Motion for Partial Judgment   Page 1 of 2

9

COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss.                                                    SUPERIOR COURT
                                                              CIVIL ACTION
                                                              NO. 2015-01902-A

EUGENE PELIKHOV,
Plaintiff

vs.

GOLD AND FARB, INC., LEV GOLDFARB,
ALEXANDER GOLDFARB, and
LYDMILA ROGALIN,
Defendants

## ORDER ON PLAINTIFF'S MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS ON COUNT XI

Plaintiff's motion is denied. There are three appropriate motions that can be filed under Rule 12(c). First, Rule 12(c) motions are routinely used in Chapter 30A appeals of administrative agency decisions, which are heard and decided in the Superior Court based solely on an administrative record filed in lieu of the agency's answer. See Superior Court Standing Order 1-96. Second, a motion for judgment on the pleadings, when brought by a defendant, is treated as equivalent to a motion to dismiss under Rule 12(b)(6). *Jarosz* v. *Palmer*, 436 Mass. 526, 529-530 (2002) (Rule 12(c) motion is "actually a motion to dismiss . . . [that] argues that the complaint fails to state a claim upon which relief can be granted"). Third, Rule 12(c)

Case 16-01131    Doc 5-6    Filed 08/05/16    Entered 08/05/16 13:29:59    Desc Exhibit
Order on Motion for Partial Judgment    Page 2 of 2

Case 16-01131    Doc 5-6    Filed 08/05/16    Entered 08/05/16 13:29:59    Desc Exhibit
Order on Motion for Partial Judgment    Page 2 of 2

"is designed to cover the rare case where the answer admits all the material allegations of the complaint . . . so that no material issue of fact remains for adjudication." Mass. R. Civ. P. 12, Reporter's Notes – 1973.

It is this third use of Rule 12(c) that is advanced by plaintiff. However, the defendants' answer does not admit all the material allegations of Count XI of the complaint. Essentially, a claim under G. L. c. 156D, § 16.02(b)(2) requires (in part) a threshold showing that the demand for access to the records of a corporation by a shareholder is made in good faith and for a proper purpose. Defendants' answer does not admit that plaintiff's demand was made in good faith and for a proper purpose. It is not for this court to find good faith and proper purpose from the allegations in the complaint. This court's role under Rule 12(c) is to determine if this is one of the rare cases where the answer admits all the material allegations of the complaint. In this case, the answer does not admit all material allegations, including good faith and proper purpose, supporting Count XI. Accordingly, plaintiff's motion under Rule 12(c) must be denied.

## ORDER

Plaintiff's motion for partial judgment on the pleadings on Count XI [D. 8] is **DENIED**.

April 12, 2016

Timothy Q. Feeley
Associate Justice of the Superior Court

A TRUE COPY, ATTEST
DEPUTY ASS'T. CLERK