**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**
**EASTERN DIVISION**

| | |
|---|---|
| In re:<br><br>LEV GOLDFARB and<br>LYDMILA ROGALIN,<br><br>    Debtors | **Chapter 13**<br>**Case No. 16-12339-FJB** |
| EUGENE PELIKHOV,<br><br>    Plaintiff,<br><br>v.<br><br>GOLD AND FARB, INC.,<br>LEV GOLDFARB,<br>ALEXANDER GOLDFARB and<br>LYDMILA ROGALIN,<br><br>    Defendants. | **Adversary Proceeding**<br>**No. 16-01131-FJB** |

**MOTION FOR EXPEDITED INSPECTION OF CORPORATE RECORDS
AND FOR AWARD OF ATTORNEYS FEES
PURSUANT TO G.L. c. 156D, § 16.04 and 16.05**

Defendants have for years engaged in a concerted effort to deny Plaintiff his rights by intimidation, harassment, lawsuits, motions, bankruptcies and more. Plaintiff Eugene Pelikhov is a shareholder, director and officer of Defendant Gold and Farb, Inc. ("GFI") and has a right to the corporate records of GFI based not only on his positions with GFI, but pursuant to contract. After purchasing 25% of the ownership interest in GFI in 2008, Mr. Pelikhov began to suspect the other shareholders, officers and directors were embezzling funds and withholding profits from him. When he informally asked for access to the records over the years, he was denied without any explanation and mistreated. By July of 2014, Mr. Pelikhov engaged legal counsel

1

and send multiple written requests pursuant to Massachusetts statute for access to the corporate records. Defendants denied the requests. Mr. Pelikhov thereafter filed suit in state court to get access to the records and filed document requests. Defendants then stepped up their stonewalling by filing motions to extend time to respond to the discovery, then filed a motion to compel arbitration (including on a claim that it had no right to arbitration). When the state court granted Mr. Pelikhov the right to file an expedited motion to get access to the records, Defendants filed for bankruptcy, improperly attempted to extend the automatic stay to the non-debtor GFI and removed the case to the Bankruptcy court. Defendants have gone to every length to deny Mr. Pelikhov access to the records such that the dispute is now bifurcated into multiple proceedings and Mr. Pelikhov's only choice is to now move this court for access to the records.

Plaintiff, by and through undersigned counsel, hereby makes this motion for inspection of corporate records and for an award of costs and attorneys' fees pursuant to Massachusetts General Laws Chapter 156D, Sections 16.04 and 16.05 following the removal of this case from the Essex Superior Court. For the reasons set forth below, Plaintiff should be immediately granted access to *all* corporate records and should be awarded his costs and attorney's fees pursuant to MGL 156D sec 16.04(c) and 16.05(c).

## Facts

Plaintiff repeats its relevant allegations from the State Court Complaint[1] (Exhibit A hereto) which were either admitted or should be deemed admitted by Defendants in their Answer to that Complaint (Exhibit B hereto). Other portions of the Complaint are referenced to provide the Court with a context. This Motion is further supported by the Declaration of Eugene

---

[1] The allegations in the State Court Complaint have been substantially re-alleged in the adversary proceeding Mr. Pelikhov has brought against the debtors Lev Goldfarb and Lydmila Rogalin. *Pelikhov v. Goldfarb*, Adversary Proceeding No. 16-01168-FJB, Docket No. 1 (Mass. Bank.).

2

Pelikhov (Exhibit C hereto). Further reference is made to Mr. Pelikhov's Motion for Relief from Automatic Stay filed in the Chapter 13 proceeding (Case No. 16-12339-FB, Docket No. 25) (Exhibit D hereto, the exhibits to which are excluded as they are duplicative).

On or about January 18, 2008, Plaintiff Eugene Pelikhov ("Mr. Pelikhov") purchased 25% of the shares of Gold and Farb, Inc. ("GFI") for $175,000 from Defendant Lydmila Rogalin. Complaint, ¶ 10 (admitted); Pelikhov Decl., ¶ 2. Mr. Pelikhov was a shareholder, director and officer of GFI. Pelikhov Decl., ¶ 3. The other shareholders, directors and officers of GFI were Lev Goldfarb and Alexander Goldfarb, Ms. Rogalin's husband and son, respectively. Complaint, ¶¶ 8-13 (admitted); Pelikhov Decl., ¶ 4. Defendants have admitted that as a shareholder, officer and director of GFI, Mr. Pelikhov was entitled to full access to the corporate and accounting records of GFI. Complaint, ¶ 16; Pelikhov Decl., ¶ 5.

In the ensuing years, Mr. Pelikhov began to suspect that the Goldfarbs were engaging in embezzlement from GFI and withholding profits from Mr. Pelikhov. Complaint, ¶¶ 19, 25-27 (defendants neither admit or deny these allegations, instead only stating that "No response required as averment call for conclusion of law," but their response is not material to this Motion); Pelikhov Decl., ¶ 6. The Goldfarbs' actions have subjected GFI to significant liabilities, including liability for tax evasion. Complaint, ¶ 28.

On or about July 17, 2014, Mr. Pelikhov, by and through counsel, made demand upon the Defendants pursuant to Massachusetts General Laws, Chapter 156D, Section 16.02 for, *inter alia*, access to GFI's corporate records. Complaint, ¶ 30 (admitted); Pelikhov Decl., ¶ 7. That demand, attached as Exhibit 7 to the Complaint, details the misdeeds by Defendants, demands financial records for GFI, references Ch. 156D, Sections 16.02 and 16.04, and explains Mr. Pelikhov's basis for requesting those documents. Complaint Exhibit 7, pp. 2-3. On July 23,

3

2014, counsel for Defendants responded to the July 17, 2014 demand by refusing to give access to the records. Complaint, ¶ 33 and Exhibit 9 (Defendants responded that "the referenced document speaks for itself"). On July 28, 2014, counsel for Mr. Pelikhov in writing reiterated the request for GFI's corporate records. Complaint, ¶ 34 and Exhibit 10 (Defendants responded that "No response required as averment calls for conclusion of law"[2]). The correspondence thereafter by Defendants continued to ignore Mr. Pelikhov's request for corporate records. Complaint, ¶ 36 and Exhibit 11 (Defendants neither admit or deny[3]). To this day, the Defendants have not given Mr. Pelikhov access to the records of GFI. Pelikhov Decl., ¶ 9.

Mr. Pelikhov was thereafter forced to initiate the state court litigation just to get access to the corporate records – and even thereafter, Defendants fought and stonewalled Mr. Pelikhov's access at every turn, forcing Mr. Pelikhov to send out document requests (which Defendants never responded to) and filing a Motion for Judgment on the Pleadings. At every stage, Mr. Pelikhov has indicated exactly which documents he is seeking access to (though, as detailed below, because he is a director, he is entitled to access *all* records). Despite the foregoing, and despite the State Court granting leave for this application months ago, Defendants continued to play games and refuse to abide by their statutory and contractual obligations. Even as late as June 9, 2016, Defendants continued to stonewall Mr. Pelikhov, as evidenced by the fax sent by Defendants' counsel attached hereto as Exhibit E, whereby they pretended they don't know which records Mr. Pelikhov has been requested for years. For the sake of a complete record,

---

[2] Mr. Pelikhov is unaware as to how the allegation in this paragraph called for a conclusion as to law, but it is certain that Defendants did not deny that Mr. Pelikhov reiterated his request.
[3] Once again, it is not clear what it is that Defendants neither admit nor deny. However, to the extent that the court wishes to deem Defendants' responses to paragraphs 34 and 36 as denials for the purposes of this Motion, Plaintiff does not need to rely upon them as Defendants have already admitted that they were sent a request on July 17 that they baselessly denied.

4

attached hereto as Exhibit F is a copy of Mr. Pelikhov's counsel's response to that correspondence.

As explained in further detail in Mr. Pelikhov's Motion for Relief from Automatic Stay (Exhibit D), eight days after Mr. Pelikhov served Defendants with the original version of this application to be filed in the state court, Debtors filed their voluntary petition for bankruptcy pursuant to Chapter 13.  On their application for bankruptcy, Debtors listed that they are "dba Gold & Farb, Inc." apparently in an attempt to try to limit Mr. Pelikhov's claims against GFI, despite GFI being a separate corporate entity that did not file bankruptcy.  The Defendants' continued intention to deny Mr. Pelikhov access to GFI's records so as to continue their fraudulent activities was confirmed in correspondence between Defendants' counsel and Mr. Pelikhov's counsel, attached hereto as Exhibit G, where Defendants' counsel stated that the automatic stay for Debtors would extend to any actions taken against the separate corporate entity GFI.  Defendants' actions are the continuation of their eight years of fraud and other illegal acts that have caused Mr. Pelikhov untold damages.

## Argument

### A.    Legal Standards

M.G.L. Chapter 156D, Section 16.02(b) states that a shareholder of a corporation is entitled to inspect and copy the records of a corporation, including "accounting records of the corporation." M.G.L. Ch. 156D, § 16.02(b)(2).  A shareholder may inspect and copy records if he satisfies three threshold requirements: (1) his demand is made in good faith and for a proper purpose, (2) he describes with reasonable particularly his purpose and the records he desires to inspect and (3) the records he desires to inspect are directly connected with his purpose.  *Id.*, § 16.02(c); Bernstein v. Pritsker, 2013 WL 678043 * 3 (Mass. Sup. Crt. Feb. 14, 2013).  If a

5

corporation does not allow a shareholder who complies with Section 16.02(b) to inspect corporate records, that shareholder may apply to the superior court[4] for an order to permit inspection and copying of the records demanded. *Id.*, § 16.04(b). If the court orders inspection and copying of records demanded under Section 16.02, the corporation is required to pay the shareholder's costs, including reasonable counsel fees. *Id.*, § 16.04(c). "The court shall dispose of an application under this subsection [16.04(b)] on an expedited basis." *Id.*, § 16.04(b).

    M.G.L. Chapter 156D, Section 16.05(a) entitles a director of a corporation "to inspect and copy the books, records and documents of the corporation at any reasonable time to the extent reasonably related to the performance of the director's duties as a director…." Pursuant to Section 16.05(b), if the corporation does not allow the director to inspect and copy the books, records and documents, the court may order inspection and copying at the corporation's expense and shall dispose of an application under that subsection on an expedited basis. *See* Chambers v. Gold Medal Bakery, Inc., 464 Mass. 383, 392-94 (2013) (directors are entitled to inspect the books and records of corporation because they are reasonably related to their fiduciary duties as directors and "a director cannot satisfy his fiduciary responsibilities with access to basic information about the company he represents."); Abate v. Naymie, 2007 WL 869248 (Mass. Sup. March 1, 2007) (ordering corporation to give director access to records). Section 16.05(c) permits the Court to order the corporation to pay the director's costs, including reasonable counsel fees, incurred in connection with the motion.

---

[4] Because this case has been removed from the Superior Court to the Bankruptcy Court, and in accordance with the guidance provided by this Court, Mr. Pelikhov now makes his motion here.

B.   Mr. Pelikhov's Demand as a Shareholder

1.   Mr. Pelikhov's Demand as a Shareholder Was in Good Faith and for a Proper Purpose, and Mr. Pelikhov Described His Purpose with Reasonable Particularity

As set forth in the demand letter of July 17, 2014, which Defendants have admitted was served, Mr. Pelikhov set forth in extraordinary detail the basis of his demand for records pursuant to Section 16.02(b), including the following allegations against Defendants: "you have frozen Mr. Pelikhov out of the Corporation, created a hostile workplace, engaged in embezzlement and conducted extensive fraudulent accounting practices so as to evade taxes and withhold profits from Mr. Pelikhov." Complaint, ¶ 30 and Exhibit 7, pp. 1-2. That notice goes on to detail five additional bad acts engaged in by Defendants, including statements that "You have failed to properly account for and report cash sales of the Corporation, and have misappropriated the profits of the Corporation without properly accounting for them to Mr. Pelikhov or the proper tax authorities. As a result of these actions and omissions, you have fraudulently withheld at least $125,000 of the Corporation's profits from Mr. Pelikhov. You have underreported cash sales, thereby opening the Corporation to potential liability to tax authorities." *Id.*, p. 2. Mr. Pelikhov further explained that Defendants' actions and omissions constituted a breach of their duties to Mr. Pelikhov as a shareholder of the corporation. *Id.*

A "proper purpose" under Section 16.02(c) is "a purpose that is reasonably relevant to the demanding shareholder's interests as a shareholder." Bernstein, *supra* at * 4 (citing official comment to § 16.02(c)). Here, Mr. Pelikhov's demands were clearly, unambiguously and in good faith tied to his well-founded suspicions that Defendants were engaging in fraudulent accounting in order to deprive him of his rights as a shareholder to the profits of the company, where engaging in embezzlement and that Defendants were freezing him out of GFI. *See*

Bernstein, *supra* at *5 ("Here, plaintiff began to articulate the proper purpose of determining whether there have been payments to shareholder in violation of the directors' and controlling shareholders' fiduciary duties. The possibility of such wrongdoing is well recognized when a shareholder in a close corporation claims to have been frozen out." (citing Donahue v. Rodd Electrotype Co. of New England, Inc., 367 Mass. 578, 588-89 (1975))). There is perhaps no greater legitimate concern for a shareholder than whether the shareholder is being denied dividends or other payments that are being paid to other shareholders. Mr. Pelikhov has without question satisfied this requirement of Section 16.02.

Furthermore, the three-page demand letter (Complaint, Exhibit 7) obviously set forth with reasonable particularity Mr. Pelikhov's purpose for demanding the records.

  2. <u>Mr. Pelikhov Described with Reasonable Particularity the Records to be Inspected, All of Which Were Directly Connected with the Purpose</u>

Section 16.02(c)(2) requires that the request for corporate records describe with reasonable particularity the records the shareholder desires to inspect and Section 16.02(c)(3) requires that those records be directly connected with the shareholder's purpose.

As set forth on pages 2 through 3 of the July 17, 2014 demand letter, Mr. Pelikhov demanded the following corporate records to determine whether Defendants were embezzling from GFI, whether Defendants were underreporting cash sales and whether Defendants were withholding payments from Mr. Pelikhov from January 1, 2008 (when Mr. Pelikhov became a shareholder of GFI):

  1. All monthly and annual statements received from banks, mutual funds or other financial institutions holding assets of the Corporation.
  2. All monthly and annual financial statements of the Corporation, including income statements, balance sheets and cash flow statements.
  3. All transaction (general ledger records).
  4. All check transaction logs.

There is nothing ambiguous or unparticular about the documents requested by Mr. Pelikhov and the requested documents are on their face and undeniably stated with reasonable particularity. Moreover, given Mr. Pelikhov's well-founded concerns as set forth above, each of the records requested are directly connected with Mr. Pelikhov's stated purpose to determine what money was coming into GFI and how that money was being paid out to Defendants (especially as compared to how that money was being paid to Mr. Pelikhov). Each of the records requested are required to do a proper accounting to determine whether Defendants were violating their duties to Mr. Pelikhov and were engaging in the other concerns set forth above.

       3.      <u>GFI Improperly Failed to Allow Mr. Pelikhov to Inspect and Copy the Records</u>

Defendants' response to Mr. Pelikhov's request is attached as Exhibit 9 to the Complaint referenced in Paragraph 33 of the Complaint, which Defendants did not deny, instead stating that the "document speaks for itself." Although Defendants claim that Mr. Pelikhov's demand failed to comply with Section 16.02(c), its arguments are, to put it mildly, unconvincing and in bad faith. It only states (without explanation) that Mr. Pelikhov's obviously particular list of demanded records was not stated in reasonable particularity and states that Mr. Pelikhov's demand was not made in good faith because Defendants denied his allegations. Defendants' denial of the allegations does not mean that the allegations are in bad faith – if that were the case then every corporation would be able to side-step every request under Section 16.02 by simply denying the allegations. The purpose of Section 16.02 is to permit shareholders with legitimate concerns to inspect the records of a corporation in order to either substantiate or disprove those concerns – it does not permit a corporation to respond to allegation by simply saying "trust us, we aren't doing anything wrong." Therefore, GFI did not have any basis to deny Mr. Pelikhov

9

access to the requested records and its denial constitutes a violation of M.G.L. Ch. 156D, Section 16.

C.      **Mr. Pelikhov's Demand as a Director**

Unlike a demand of a shareholder pursuant to Section 16.02, a director is given a nearly absolute right and access to all corporate records. There is no complicated test as applied to a shareholder's request, but if the request is reasonably related to the director's performance of his duties (and not for any other purpose or in any manner that would violate any duty to the corporation), the corporation *must* give the director access to the records. M.G.L. Ch. 156D, Section 16.05.

In this case, Mr. Pelikhov's demands for access to the records arise from his legitimate concern that the Goldfarbs have been embezzling funds from the corporation, have exposed the corporation to liability for tax evasion, and that the Goldfarbs have not been fairly distributing profits of the corporation to its shareholders. These are all entirely consistent with Mr. Pelikhov's duties to the corporation, not for any improper purpose and not for any purpose that would violate his duties to the corporation. *See* Chambers, 464 Mass. at 392-93 ("The plaintiffs are entitled to inspect the books and records of Gold Medal because doing so is reasonably related to the performance of their fiduciary duties as directors. *See* 18A Am. Jur. 2d Corporations § 325 (2012) ("Where the right of inspection is not … absolute [as in Massachusetts] … a director who has a proper purpose may still be entitled to virtually unfettered access to the books and records of the corporation.")).

Mr. Pelikhov is a director of the corporation and has a legitimate and not adverse reason for access to the corporate records. Mr. Pelikhov has been repeatedly denied access to these records in a manner that only goes to confirm that the Goldfarbs have been engaging in a vast

scheme to harm the corporation and Mr. Pelikhov. Their repeated denials to provide access to records and that Mr. Pelikhov has had to file suit and fight this issue for so long further shows the extraordinary bad faith of Defendants. Accordingly, Mr. Pelikhov requests that the Court order inspection and copying of the books, records and documents demanded and that the Goldfarbs pay Mr. Pelikhov's costs, including reasonable counsel fees, incurred in connection with this motion.

### Conclusion and Requested Relief

On the basis of the foregoing, Mr. Pelikhov is entitled to access to GFI's records pursuant to M.G.L. Chapter 156D, Sections 16.02, 16.04 and 16.05 on an expedited basis and for recovery of his costs and reasonable attorney's fees.

THEREFORE, Mr. Pelikhov prays that this honorable court will award the following:

A.  Order the Defendants to provide Mr. Pelikhov immediate access to *all* of GFI's corporate records for the period from January 1, 2008 to present including without limitation:

ORGANIZATIONAL INFORMATION

1. Articles of Organization and all amendments thereto;

2. By-laws, as amended;

3. Minutes of all meetings (and actions without a meeting) of shareholders;

4. The stock record book; and

5. Any agreements between and/or among shareholders of the Company relating to voting or other governance rights.

ALL FINANCIAL INFORMATION INLCUDING WITHOUT LIMITATION:

1. All monthly and annual financial statements, including income statements, balance sheets and cash flow statements;

2. All monthly and annual statements received from banks, mutual funds, or other financial institutions holding Company assets.

3. All transactions (general ledger) records and all check transaction logs;

4. Documentation of cash or property paid or contributed by each shareholder in consideration of the issuance of stock to such shareholder;

5. Documentation of all payments made to or on behalf of shareholders, officers, directors and salaried personnel including, without limitation, salaries, bonuses, allowances, loans, insurance premiums, profit sharing, per diem, other benefits and compensation, as well as all travel, telephone and other miscellaneous expenditures;

6. Documentation of all transactions between the Company on one hand, and shareholders, officers and directors (or affiliates of any of the foregoing, including, without limitation, family members or entities in which any shareholder, officer or director at the time of the transactions held a beneficial interest) on the other hand;

7. Documentation of payments to all consultants;

8. Documentation of all life insurance policies paid for by the Company;

9. Tax records;

10. State and federal tax returns.

ADDITIONAL DOCUMENTS

1. Documents and other records relating to employees, independent contractors and other personnel of GFI, including, without limitation, all employment records, payment records and any other documents about persons that worked for GFI; and

2. All agreements between GFI and Defendants, GFI and any of GFI's vendors, and GFI and any other person or entity.

B. Award Mr. Pelikhov, pursuant to M.G.L. ch. 156D sec. 16.04(c) and 16.05(c), all costs, including attorney's fees, incurred in the filing and prosecution of the present and past actions to obtain this order.

C. Grant Mr. Pelikhov such other relief as the court deems just.

**Certificate of Compliance with MLBR 9013-1**

Undersigned counsel hereby certify that they attempted to make a reasonable and good faith effort to determine whether or not the motion is unopposed by the Defendants by, specifically, meeting and conferring with Defendants' counsel by telephone on November 1, 2016.  Defendants' counsel did not consent to this Motion.


Respectfully submitted,
Eugene Pelikhov
By his Attorneys,


/s/ Matthew Shayefar, Esq.
Matthew Shayefar (BBO# 685927)
Tel: (617) 928-1806
matt@bostonlawgroup.com
Valentin D. Gurvits (BBO# 643572)
Tel: (617) 928-1804
vgurvits@bostonlawgroup.com
BOSTON LAW GROUP, PC
825 Beacon Street, Suite 20
Newton Centre, Massachusetts 02459
Fax: (617) 928-1802

Gary W. Cruickshank (BBO# 107600)
21 Custom House Street
Suite 920
Boston, Massachusetts 02110
Tel: (617) 330-1960
gwc@cruickshank-law.com

Evan Fray-Witzer
CIAMPA FRAY-WITZER
20 Park Plaza, Suite 505
Boston, Massachusetts 02116
Tel: (617) 426-0000
Fax: (617) 507-8043
evan@cfwlegal.com

Dated: November 4, 2016

## Certificate of Service

    I hereby certify that this document, filed through the ECF system on November 4, 2016, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

    /s/ Matthew Shayefar, Esq.