# EXHIBIT
# D

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS (WORCESTER)**

|  |  |
|---|---|
| In re:<br><br>LEV GOLDFARB and<br>LYDMILA ROGALIN,<br><br>    Debtors | Chapter 13<br>Case No. 16-12339-FJB |

## MOTION FOR RELIEF FROM AUTOMATIC STAY

To the Honorable Frank J. Bailey, Bankruptcy Judge:

Movant Eugene Pelikhov ("Mr. Pelikhov"), by and through his undersigned counsel, herby moves this honorable court, in an abundance of caution, for relief from the automatic stay entered in the bankruptcy of Debtors Lev Goldfarb and Lydmila Rogalin. Specifically, Mr. Pelikhov seeks relief to permit Mr. Pelikhov to pursue causes of action against the corporate entity Gold and Farb, Inc. ("GFI") and the individual Alexander Goldfarb, neither of whom are the debtors in this bankruptcy proceeding.

## I.     Introduction

Mr. Pelikhov is a minority shareholder of GFI. The Debtor Lev Goldfarb and his son Alexander Goldfarb are the majority shareholders of GFI. For years, Mr. Pelikhov has suspected that Debtors and Alexander Goldfarb embezzled money from the GFI, committed tax fraud and withheld profits from Mr. Pelikhov. For years, Mr. Pelikhov has demanded access to the GFI corporate records so that he could confirm his allegations and prevent the ongoing embezzlement and illegal acts. Over those same years, despite his numerous repeated requests, GFI, the Debtors and Alexander Goldfarb refused to provide access to the corporate records to Mr.

1

Pelikhov, despite the fact that Mr. Pelikhov is entitled to those records under both Massachusetts law and the contractual agreements between the parties.

Mr. Pelikhov finally had no choice but to commence legal action in Superior Court against GFI, the Debtors and Alexander Goldfarb.  In that lawsuit, the Debtors did everything possible to delay the production of GFI's documents and then, as soon they realized that a ruling from the Superior Court giving Mr. Pelikhov access to the GFI records was imminent, the Debtors filed the present bankruptcy petition and are now suggesting through their counsel that their personal bankruptcy petition somehow extends to the GFI corporation, despite the fact that GFI is not a debtor in the bankruptcy proceeding.  In other words, the Debtors are continuing their long-standing practice of abusing the legal process to prevent Mr. Pelikhov from obtaining GFI's corporate records despite his clear legal right to do so.

## II.    Argument

In further support of this Motion, Mr. Pelikhov states as follows:

1.      On or about January 18, 2008, Mr. Pelikhov purchased 25% of the shares of Gold and Farb, Inc. ("GFI") for $175,000 from Debtor Lydmila Rogalin.  Declaration of Eugene Pelikhov, attached hereto as Exhibit 1, ¶ 2.  Mr. Pelikhov was a shareholder, director and officer of GFI.  *Id.*, ¶ 3.

2.      The other shareholders, directors and officers of GFI were Debtor Lev Goldfarb and his son with Lydmila Rogalin, Alexander Goldfarb.  *Id.*, ¶ 4.

3.      In the ensuing years, Mr. Pelikhov began to suspect that the Debtors and Alexander Goldfarb were engaging in embezzlement from GFI, and that GFI, the Debtors, and Alexander Goldfarb were withholding profits from Mr. Pelikhov.  *Id.*, ¶ 6.

4.      On or about July 17, 2014, Mr. Pelikhov made demand upon GFI, Debtors, and Alexander Goldfarb pursuant to Massachusetts General Laws, Chapter 156D, Section 16.02 for, *inter alia*, access to GFI's corporate records.  *Id.*, ¶ 8.

5.      To this day, GFI, Debtors, and Alexander Goldfarb failed and continue to refuse to give Mr. Pelikhov access to GFI's records.  *Id.*, ¶ 9.

6.      Mr. Pelikhov was forced to initiate litigation in Massachusetts Superior Court on or about November 18, 2015 (prior to Debtors filing bankruptcy) to obtain access to the corporate records, and even thereafter GFI, Debtors, and Alexander Goldfarb delayed and stonewalled Mr. Pelikhov's access at every turn, forcing Mr. Pelikhov to serve discovery requests (to which GFI never responded) and making numerous other filings.  Attached hereto as Exhibit 2 is the Complaint filed by Mr. Pelikhov and attached hereto as Exhibit 3 is the Answer to the Complaint by Debtors, Alexander Goldfarb and GFI.

7.      On or about May 26, 2016, the Massachusetts Superior Court ordered that the dispute between the parties be submitted to arbitration, with the exception of Mr. Pelikhov's statutory claim against GFI under Chapter 156D, for which the court granted Mr. Pelikhov leave to file and which it stated it would dispose of on an expedited basis.  *See* Memorandum and Order on Defendants' Motion to Compel Arbitration and to Stay Proceedings, attached hereto as Exhibit 4.

8.      On or about June 9, 2016, Mr. Pelikhov served Debtors, Alexander Pelikhov and GFI with an Application for Inspection of Corporate Records and for Award of Attorneys Fees Pursuant to G.L. c. 156D, § 16.04/16.05.

9.      On June 17, 2016, Debtors filed their voluntary petition for bankruptcy pursuant to Chapter 13.

3

10.     GFI and Alexander Goldfarb <u>have not</u> filed for bankruptcy in this or any other pending proceeding.

11.     On their application for bankruptcy, Debtors listed that they are "dba Gold & Farb, Inc." apparently in an attempt to try to limit Mr. Pelikhov's claims against GFI, despite GFI being a separate corporate entity which did not file bankruptcy.

12.     The Debtors' continued intention to deny Mr. Pelikhov access to GFI's records so as to continue their fraudulent activities was confirmed in correspondence between Debtors' counsel and Mr. Pelikhov's counsel, attached hereto as <u>Exhibit 5,</u> where Debtors' counsel stated that the automatic stay for Debtors would extend to any actions taken against the separate corporate entity GFI.

13.     Debtors' actions are the continuation of their eight years of fraud and other illegal acts which have caused Mr. Pelikhov untold damages.

14.     Although Mr. Pelikhov disputes Debtors' counsel's assertion that the automatic stay extends to actions taken against GFI (and in anticipation that Debtors may argue that the stay may also extend to actions against Alexander Goldfarb), in an abundance of caution Mr. Pelikhov brings the present Motion to make clear that Mr. Pelikhov may proceed with his claims against GFI and Alexander Goldfarb, neither of whom are the Debtors in this or any other bankruptcy proceeding.

### III.     Conclusion and Requested Relief

Mr. Pelikhov is entitled to pursue his causes of action against GFI and Alexander Goldfarb in the Superior Court and in arbitration.  Specifically, and without limitation, Mr. Pelikhov is entitled to access to GFI's records pursuant to M.G.L. Chapter 156D, Sections 16.02, 16.04 and 16.05.

THEREFORE, Mr. Pelikhov prays that this honorable court will order that the automatic stay entered in the present Bankruptcy proceeding does not apply or extend to any action or cause of action that any party, including Mr. Pelikhov and his counsel,[1] may have or take against Gold and Farb, Inc. and Alexander Goldfarb, and that Mr. Pelikhov may proceed with those causes of action, including by proceeding with, without limitation, the following acts:

    a.    Filing the Application for Inspection of Corporate Records and for Award of Attorneys/Fees Pursuant to G.L. c. 156D, § 16.04/16.05 with the Massachusetts Superior Court; and

    b.    Filing an arbitration complaint against Gold and Farb, Inc. and Alexander Goldfarb.

---

[1] In their petition, Debtors inexplicably also listed Mr. Pelikhov's legal counsel Val Gurvits, Esq. of Boston Law Group as a creditor as well despite there being no cognizable reason to do so.

## Certificate Pursuant to Rule 13-16-1(a)(3)

Undersigned counsel hereby certifies pursuant to Local Bankruptcy Rule 13-16-1(a)(3) that counsel for Movant, Matthew Shayefar, undertook the following actions to confer with counsel for the Debtors, Vladimir von Timroth, to make a good faith effort to resolve or narrow the disputes as to the contents of the Motion: (i) Attorney Shayefar called Attorney von Timroth on July 11, 2016 and left a phone message requesting that he return the call; (ii) Attorney Shayefar called Attorney von Timroth again on July 12, 2016 and left a phone message requesting that he return the call; (iii) Attorney Shayefar sent an email to Attorney von Timroth on July 12, 2016 requesting that Attorney von Timroth call to meet and confer on the Motion; (iv) On July 13, 2016, at approximately 3PM Eastern Time, Attorney von Timroth called Attorney Shayefar and they met and conferred by telephone regarding the above Motion.  The efforts to resolve or narrow the disputes as to the contents of the Motion were unsuccessful.

Respectfully submitted,
Eugene Pelikhov
By his Attorneys,


/s/ Valentin D. Gurvits, Esq.
Valentin D. Gurvits (BBO# 643572)
Tel: (617) 928-1804
vgurvits@bostonlawgroup.com
Matthew Shayefar (BBO# 685927)
Tel: (617) 928-1806
matt@bostonlawgroup.com
BOSTON LAW GROUP, PC
825 Beacon Street, Suite 20
Newton Centre, MA 02459
Fax: (617) 928-1802

Dated: July 18, 2016

6

## Certificate of Service

I hereby certify that this document, filed through the ECF system on July 18, 2016, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

/s/ Matthew Shayefar, Esq.