**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**
**EASTERN DIVISION**

| | |
|---|---|
| In re:<br><br>LEV GOLDFARB and<br>LYDMILA ROGALIN,<br><br>    Debtors | **Chapter 13**<br>**Case No. 16-12339-FJB** |
| EUGENE PELIKHOV,<br><br>    Plaintiff,<br><br>v.<br><br>GOLD AND FARB, INC.,<br>LEV GOLDFARB,<br>ALEXANDER GOLDFARB and<br>LYDMILA ROGALIN,<br><br>    Defendants. | **Adversary Proceeding**<br>**No. 16-01168-FJB**<br><br>**Adversary Proceeding**<br>**No. 16-1131-FJB** |

**Rule 26(f) Discovery Conference Certification and Written Report**

1.      **Certification.**  Pursuant to this Court's Scheduling and Pretrial Order dated November 29, 2016 (Docket No. 16), the parties hereby certify that the parties conferred on December 19, 2016 pursuant to Federal Rule of Civil Procedure 26(f).

2.      **Proposed Discovery Plan.**  The following is a detailed description of the specific discovery plan addressing all topics set forth in Federal Rule of Civil Procedure 26(f)(3) to be following by the Parties in this case:

        (A)      Given the complex nature of this dispute, including the numerous parties and various issues relevant to the dispute, changes should be made to the timing of disclosures under Rule 26(a) and to the discovery schedule set by the court in the November 29, 2016 order. Specifically, the Parties request that:

                (i)      Disclosures to be made pursuant to Rule 26(a) be made within twenty-one (21) days of the court's order on this report.

1

(ii)    ***Discovery in the consolidated matter be completed within six (6) months of the consolidation of the dispute on November 29, 2016*** (whereas the Court's November 29, 2016 order currently calls for discovery to be completed within ninety (90) days of the order).

(iii)    Discovery shall be conducted through:

(a)    Interrogatories (limited to twenty-five (25) in number, including subparts) to be answered within thirty (30) days of service.

(b)    Requests for Production of Documents.  The Parties do not intend to limit the number of Requests for Production of Documents.

(c)    Depositions to be conducted only as limited by Federal Rule of Procedure 30.

(B)    Discovery in this dispute will touch upon all issues of the claims of Plaintiff against the consolidated defendants as detailed in the Complaint filed in the above captioned adversary proceeding as well as the previously filed state court complaint.  As noted above, discovery will require at least six (6) months after the consolidation of the dispute and is intended to be completed in a single phase.

(C)    There are currently no issued about disclosure, discovery or preservation of electronically stored information, including the form or forms in which it should be produced. Should any such issues arise, the Parties will inform the Court.

(D)    The are currently no issues about claims of privilege or of protection as trial-preparation materials.  Should any such issues arise, the Parties will inform the court.

(E)    The parties request changes made in the limitation of discovery imposed under the Rules, by local rules and by this Court's prior order in accordance with the requests made above in Section 2(A).

3.    **Statement Regarding Automatic Disclosures.**  The Parties have not yet complied with the automatic disclosure provisions of Rule 26(a)(1) and (2) because of the complex nature of this dispute and the parties involved.  As set forth above, the parties intend to comply with those provisions shortly.

4.    **Estimate Length of Trial.**  The Parties preliminarily estimate that the trial in this matter will last three to five (3-5) days.

5.    **Court's Authority.**  The Parties acknowledge the Court's authority to enter a final order as to each matter in dispute and the Parties consent to the entry of a final order by this Court as to each matter in dispute.

6.    **Jury Trial.**

(A)     The Plaintiff in this matter has demanded a jury trial.  The Plaintiff demands a jury trial as to each matter in this dispute to which it applies.

(B)     Plaintiff is entitled to a jury trial on the issues of piercing the corporate veil, breach of fiduciary duty, breach of contract, breach of implied covenant of good faith and fair dealing, unjust enrichment, fraudulent misrepresentation, embezzlement, conversion and civil conspiracy.  The issues of accounting and access to records pursuant to M.G.L. Ch.156D are not entitled to consideration before a jury.

(C)     All parties consent to the Court conducting a jury trial.

7.     **Electronically Stored Information.**  To the extent that any of the parties anticipate the disclosure or discovery of Electronically Stored Information (ESI) in this matter, the parties certify as follows:

(A)     There are currently no issues about preservation, disclosure, discovery or presentation of ESI, including the form or forms in which the ESI shall be provided and the nature and extent of the contemplated ESI discovery.  Should any such issues arise, the Parties will inform the Court.

(B)     The parties will continue to work together regarding the various sources of ESI within their control, and whether they have relevant ESI that is not reasonable accessible under Rule 26(b)(2)(B), and if so, the estimated burden or costs of retrieving and reviewing that information.

(C)     The parties will continue to work together regarding the characteristics of their information systems that may contain relevant ESI, including, where appropriate, the identity of individuals with special knowledge of a party's computer systems.

(D)     The parties will continue to work together to determine whether the costs and burdens of discovery, especially discovery of ESI, may be reduced by entering into a non-waiver agreement.

Respectfully submitted,

Plaintiff Eugene Pelikhov
By his Counsel:

/s/ Matthew Shayefar, Esq.
Matthew Shayefar (BBO# 685927)
Tel: (617) 928-1806
matt@bostonlawgroup.com
Valentin D. Gurvits (BBO# 643572)
Tel: (617) 928-1804
vgurvits@bostonlawgroup.com
BOSTON LAW GROUP, PC
825 Beacon Street, Suite 20
Newton Centre, MA 02459
Fax: (617) 928-1802

Lev Goldfarb and
Lydmila Rogalin,
By their counsel:

/s/ Vladimir von Timroth
Vladimir von Timroth, Esq., BBO #643553
LAW OFFICE OF VLADIMIR VON
TIMROTH
405 Grove Street, Suite 204
Worcester, MA 01605
Tel. 508-753-2006
Fax 774-221-9146
vontimroth@gmail.com

Dated: December 19, 2016