UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS (BOSTON)

_____

In re:
LEV GOLDFARB and                                  Chapter 13
LYDMILA ROGALIN,                                  Case No. 16-12339
       Debtor
_____

EUGENE PELIKOV,
       Plaintiff                                    Adversary Proceeding
   Vs.                                             No: 16-01131

GOLD AND FARB, INC.,
LEV GOLDFARB,
ALEXANDER GOLDFARB AND
LYDMILA ROGALIN
       Defendants.

_____

JOINT MOTION OF THE DEFENDANTS TO LIMIT DISCOVERY
AND TO HOLD A STATUS CONFERENCE
_____

      Gold and Farb, Inc. and Alexander Goldfarb, through their counsel, James Ehrhard, and Lydmila Rogalin and Lev Goldfarb (hereinafter the "Debtors") through their counsel, Vladimir von Timroth, respectfully request this Court to limit the frequency and extend of the Plaintiff's discovery pursuant to Rule 26(b)(2)(C) of the Federal Rules of Civil Procedure, made applicable to this action by Rule 7026 of the Federal Rules of Civil Procedure.

      In support of such request the movants states as follows:

1. On June 17, 2016, the Debtors commenced this bankruptcy case by filing a Voluntary Petition under Chapter 13 of the U.S. Bankruptcy Code.

2. On or about July 20, 2016, the Debtors commenced the above captioned Adversary Proceeding by filing a Notice of Removal Pursuant to 28 U.S.C. Sec. 1446.

3. The subject matter of the Adversary Proceeding litigation is a dispute between the Debtors, the majority shareholders of Gold and Farb, Inc. and Pelikov, a minority

shareholder of Gold and Farb, Inc. Gold and Farb, Inc. and Alexander Goldfarb are non-debtors.

4. All parties, including the Plaintiff and all the Defendants, consented to jurisdiction of this Court.

5. Gold and Farb, Inc. is a closely held corporation which operates a grocery store in Lynn, Massachusetts and employed approximately 9 people. The Debtor, Lev Goldfarb, and non-debtor Alexander Goldfarb, both work at the store.

6. Following removal of the Adversary Proceeding to the Bankruptcy Court, the Plaintiff made a Motion for Expedited Inspection of Corporate Records and Award of Attorney's Fees (hereinafter the "Motion for Records").

7. On or about November 8, 2016, this Court issued an order on the Motion for Records (hereinafter the "November 8, 2016 Order") that states as follows:

> "THE DEFENDANTS, THROUGH COUNSEL, REPRESENTED TO THE COURT IN A STATUS CONFERENCE THAT THEY DO NOT CONTEST PRODUCING THE DOCUMENTS REQUESTED IN THIS MOTION AND THAT MANY OF THE DOCUMENTS HAVE BEEN GATHERED AND ARE AVAILABLE IN ELECTRONIC FORM. ACCORDINGLY, THE DEFENDANTS ARE ORDERED TO PRODUCE OR MAKE AVAILABLE TO THE PLAINTIFF THE REQUESTED DOCUMENTS, SPECIFIED IN THE MOTION, THAT ARE IN THEIR CUSTODY, POSSESSION OR CONTROL BY NOVEMBER 14, 2016. "

8. Following the issuance of the November 8, 2016 Order, the Defendants made voluminous production of corporate records, including but not limited to tax returns, records of corporate governance, to the extent such documents existed. The Debtors further produced several hundred, if not thousands, of pages of corporate financial records, including bank statements, credit card statements and various loan documents related to the operation of Gold and Farb, Inc.

9. It is the Defendants position, therefore, that they have fully complied with the November 8, 2016 Order.

10. On or about February 6, 2017, the Plaintiff, Pelikov, served on the Defendants the following items of discovery:

    a. Plaintiff's First Set of Interrogatories to Defendants;

    b. Plaintiff's First Request for Production of Documents and Things to Defendant Alexander Goldfarb, consisting of 38 requests;

    c. Plaintiff's First Request for Production of Documents and Things to Defendant Lydmila Rogalin, consisting of 38 requests;

    d. Plaintiff's First Request for Production of Documents and Things to Defendant Lev Goldfarb, consisting of 38 requests;

    e. Plaintiff's First Request for Production of Documents and Things to Defendant Gold and Farb, Inc., consisting of 49 requests.

11. The Defendants contend that the discovery requests propounded by the Plaintiff on the Defendants are unreasonably cumulative and duplicative, and that the burden of proposed discovery outweighs its likely benefits, considering the needs of the case, the amount in controversy and the parties' resources as provided by Rule 26(b)(2)(C) of the Federal Rules of Civil Procedure.

12. The Defendant, Gold and Farb, Inc., is a small business which, on or about April 19, 2016, in the opinion of Brian L. Larsen, the Loan Officer of Washington Federal Bank, was approximately $17,859.00 based. Gold and Farb's sales figures have been $1,500,000.00 for approximately past two years; gross income averaged approximately $355,000.00 per year, resulting in net of approximately $10,000.00 to $12,000.00.

13. Presently, Gold and Farb, Inc. is a sole source of income for the Debtor, Lev Goldfarb, and non-debtor Alexander Goldfarb. The Debtor, Lydmila Rogalin, is employed outside of Gold and Farb, Inc., however, both Debtors are eligible to age based social security and it

is expected that in June 2017, Lydmila Rogalin is going to retire. Therefore, the income from Gold and Farb, Inc. and the social security income are expected to be the only source of income for Lydmila, Lev and Alexander.

14. Furthermore, Gold and Farb, Inc. is the sole source of recovery for the Plaintiff, Mr. Pelikov for the alleged wrongs which gave rise to the Adversary Proceeding.

15. In view of the forgoing, it is obvious that Gold and Farb, Inc. does not have sufficient resources to adequately respond to the discovery which seeks production of combined 163 categories of documents from the four Defendants.

16. Furthermore, in view of the fact that the Defendant, Gold and Farb, Inc. has in good faith and to the best of its abilities complied with the November 8, 2016 Order, the discovery requests at issue is unreasonably cumulative and duplicative.

17. In light of the forgoing considerations, the Defendants request this Court to set a status conference to provide encouragement to the parties in seeking reasonable limitation on the Plaintiff's discovery and to limit such discovery to the scope that matches the true need of Mr. Pelikov's litigation efforts.

WHEREFORE, the Defendants, thorough their respective counsel, request this Court to hold a status conference to address the concerns of the Defendants as set forth in the motion and to grant such other and further relief as is just and proper.

        SUBMITTED BY:

        */s/ Vladimir von Timroth*

        _____
        Vladimir von Timroth, Esq., BBO #643553
        Law Office of Vladimir von Timroth
        405 Grove Street, Suite 204
        Worcester, MA 01605
        Tel. 508-753-2006
        Fax 774-221-9146
        vontimroth@gmail.com

Dated: March 7, 2017

CERTIFICATE OF SERVICE

I, Vladimir von Timroth, do hereby certify that I will, upon receipt of the notice of electronic service, serve a copy of the within document by mailing the same to any of the parties below who are not deemed to have consented to electronic notice or service under EFR 9.

/s/ *Vladimir von Timroth*
_____
Vladimir von Timroth, Esq., BBO #643553
vontimroth@gmail.com

Dated: March 7, 2017

Lev Goldfarb
Lydmila Rogalin
6 Loring Hills Avenue, C-6
Salem, MA 01970

James P. Ehrhard
Ehrhard & Associates PC
418 Main St # 4
Worcester, MA 01608

John Fitzgerald
Office of the US Trustee
J.W. McCormack Post Office & Courthouse
5 Post Office Sq., 10th Fl, Suite 1000
Boston, MA 02109

Carolyn Bankowski-13
Chapter 13 Trustee Boston
P. O. Box 8250
Boston, MA 02114

Eugene Pelikov
14 Orleans Avenue
Salem, MA 01970

Gary W. Cruickshank
Law Office of Gary W. Cruickshank
21 Custom House Street
Suite 920
Boston, MA 02110

Evan Fray-Witzer
Ciampa Fray-Witzer
20 Park Plaza
Suite 505
Boston, MA 02116

Valentin D. Gurvits
Matthew Shayefar
Boston Law Group PC
825 Beacon Street
Ste. 20
Newton Centre, MA 02459