**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**
**EASTERN DIVISION**

| | |
|---|---|
| In re:<br><br>LEV GOLDFARB and<br>LYDMILA ROGALIN,<br><br>   Debtors | **Chapter 13**<br>**Case No. 16-12339-FJB** |
| EUGENE PELIKHOV,<br><br>   Plaintiff,<br><br>v.<br><br>GOLD AND FARB, INC.,<br>LEV GOLDFARB,<br>ALEXANDER GOLDFARB and<br>LYDMILA ROGALIN,<br><br>   Defendants. | **Adversary Proceeding**<br>**No. 16-1131-FJB**<br><br>**Adversary Proceeding**<br>**No. 16-01168-FJB** |

**MOTION TO ENFORCE AND APPROVE SETTLEMENT AGREEMENT**

NOW COMES, Mr. Eugene Pelikhov, Creditor in the above captioned Chapter 13 proceeding and Plaintiff in the above captioned adversary proceedings, by and through his undersigned counsel, to move this honorable Court for an order to enforce and approve the Settlement Agreement executed and agreed to by all parties in the adversary proceedings. The basis for this Motion is as follows:

    1.    Mr. Pelikhov has alleged that Lev Goldfarb, Alexander Goldfarb and Lydmila Rogalin ("Individual Defendants") have breached their fiduciary duty to Mr. Pelikhov and that Individual Defendants and Gold and Farb, Inc. ("Defendants") have breached their contractual

1

duties to Mr. Pelikhov and have otherwise engaged in other wrongs and harms towards Mr. Pelikhov.

2.	Mr. Pelikhov has alleged damages well over $300,000 against all the Defendants.

3.	Only Lev Goldfarb and Lydmila Rogalin ("Debtors") filed for Bankruptcy pursuant to Chapter 13. Defendants Alexander Goldfarb and Gold and Farb, Inc. are not parties to the bankruptcy and voluntarily agreed that the case against them would be consolidated and heard before this Court.

4.	Plaintiff and Defendants, through their respective counsel, engaged in settlement discussions and ultimately reached a settlement, which was memorialized in a Settlement Agreement dated April 27, 2017 and executed by Plaintiff and all Defendants. A true and correct copy of that Settlement Agreement executed by all parties and containing artifacts from the fax machine used by Defendants to send their signatures is attached hereto as Exhibit 1. A cleaner version of the Settlement Agreement for easier legibility for the Court is attached hereto as Exhibit 2.

5.	All four Defendants executed the Settlement Agreement jointly and severally.

6.	Two of the four Defendants, Alexander Goldfarb and Gold and Farb, Inc., are not a part of the Chapter 13 Bankruptcy Proceeding, and therefore would not be subject to any rules relating to settlements of debtors in bankruptcy.

7.	The Settlement Agreement had only one contingency: that it be approved by this Court. Section 4(a) of the Settlement Agreement required Defendants to file a motion to approve the Settlement Agreement with this Court upon full execution of the Settlement Agreement.

8.	Defendants have failed to file a motion to approve the Settlement Agreement and have in fact refused to do so. Defendants are therefore in breach of the Settlement Agreement

Case 16-01131    Doc 35    Filed 06/14/17    Entered 06/14/17 18:45:19    Desc Main
Document    Page 3 of 4

and the intervention of this Court is required to enforce and then approve the Settlement Agreement.

9. With respect to the non-bankruptcy Defendants Alexander Goldfarb and Gold and Farb, Inc., this Court should enforce and approve the Settlement Agreement against them without any limitation since neither of them is a party to the bankruptcy proceeding and since each of them is jointly and severally liable for the Settlement Agreement.

THEREFORE, Mr. Pelikhov prays that this honorable Court will issue an order that:

a. The Settlement Agreement is approved in its entirety and the Defendants are all bound by the provisions of the Settlement Agreement;

or, in the alternative, issue an order that:

b. The Settlement Agreement is approved as relating to the non-bankruptcy Defendants Alexander Goldfarb and Gold and Farb, Inc. and that Defendants Alexander Goldfarb and Gold and Farb, Inc. are bound by the provisions of the Settlement Agreement.

3

## Certificate Pursuant to Rule 13-16-1(a)(3)

Undersigned counsel hereby certifies pursuant to Local Bankruptcy Rule 13-16-1(a)(3) that counsel for Movant, Valentin Gurvits, undertook the following action to confer with counsel for Debtors to make a good faith effort to resolve or narrow the disputes as to the contents of the Motion: On June 14, 2017, Mr. Gurvits emailed counsel for Defendants requesting a meet and confer on this Motion. Defendants' counsel, Mr. James Ehrhard, replied that "There is nothing to really discuss." The efforts to resolve or narrow the disputes as to the contents of the Motion were unsuccessful.

Respectfully Submitted,

/s/ Matthew Shayefar, Esq.
Matthew Shayefar (BBO# 685927)
Valentin D. Gurvits (BBO# 643572)
BOSTON LAW GROUP, PC
825 Beacon Street, Suite 20
Newton Centre, Massachusetts 02459
Tel: 617-928-1806
Fax: 617-928-1802
matt@bostonlawgroup.com
vgurvits@bostonlawgroup.com

Dated: June 14, 2017

## Certificate of Service

I hereby certify that this document, filed through the ECF system on June 14, 2017, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

/s/ Matthew Shayefar, Esq.