## SETTLEMENT AGREEMENT

This **Settlement Agreement** (this "Agreement") is entered into on this April 27, 2017 (the "Effective Date") by and between Eugene Pelikhov ("Pelikhov"), Lev Goldfarb, Lydmila Rogalin (together with Lev Goldfarb, the "Debtors"), Alexander Goldfarb (together with the Debtors, the "Individual Defendants"), and Gold and Farb, Inc., a Massachusetts corporation (the "Company," and together with the Individual Defendants, the "Defendants").

### Recitals

WHEREAS, Pelikhov has alleged that Individual Defendants have breached their fiduciary duty to Pelikhov, and that Defendants have breached contracts with Pelikhov and have otherwise engaged in other wrongs and harms towards Pelikhov;

WHEREAS, Pelikhov filed a civil complaint against Defendants for these alleged wrong and harms in Essex Superior Court, Civil Action No. 1577CV01902A;

WHEREAS, Debtors filed for Bankruptcy pursuant to Chapter 13 (Case No. 16-12339-FJB) in the United States Bankruptcy Court for the District of Massachusetts (the "Bankruptcy Court"), the Essex Superior Court action was removed to the Bankruptcy Court (Adversary Proceeding No. 16-1131-FJB), Pelikhov filed an adversary proceeding in the Bankruptcy Court (Adversary Proceeding No. 16-01168-FJB), Alexander Goldfarb and the Company were added as defendants to the Adversary Proceedings pursuant to their consent, and all these litigations are hereinafter referred to as the "Litigations;"

WHEREAS, Defendants have made certain claims against Pelikhov; and

WHEREAS, the Parties mutually desire to resolve the Litigations and the claims between them on the terms set forth herein, subject to the consent of and approval by the Bankruptcy Court.

NOW, THEREFORE, in consideration of the mutual covenants contained herein, and for other good and valuable consideration as set forth in this Agreement, the Parties agree as follows:

1. **Payment**. The Defendants, jointly and severally, without deduction or withholding, shall pay to Pelikhov One Hundred Thousand Dollars ($100,000) (the "Settlement Amount"), to be paid as follows:

    (i) Ninety Thousand Dollars ($90,000) (the "Initial Payment"). Defendants shall place the Initial Payment in escrow with Ehrhard & Associates, P.C. (the "Defendants' Escrow Agent") immediately upon the execution of this Agreement by all parties. Within two (2) days of the Bankruptcy Court's approval of this Agreement, Defendants' Escrow Agent shall deliver the Initial Payment by certified check or wire to Boston Law Group, PC as counsel for Pelikhov; and

1

   (ii) Ten Thousand Dollars ($10,000) (the "Remaining Payment") to be paid as follows: Starting on the June 1, 2017 and on or before the 10th day of every month thereafter for twenty (20) months, Five Hundred Dollars ($500) by readily available funds to Boston Law Group, PC as counsel for Pelikhov.

 2. **Security and Collateral**.

 (a) The obligations of Defendants under this Agreement (which are explicitly limited to the Remaining Payment and any legal costs and expenses to which Pelikhov may be entitled under Section 8 hereof) are secured by a security Interest (the "Security Interest") in favor of Pelikhov of (i) all assets, accounts, fixtures, machinery, equipment, stock, inventory, accounts receivable and all other tangible and intangible property and assets of the Company, wherever located, now or in the future, including after acquired property (the "Collateral"). By executing this Agreement, Defendants hereby grant the Security Interest in the Collateral to Pelikhov. Pelikhov may make such filings (such as UCC filings) as he deemed necessary or desirable to perfect the Security Interest.

 (b) Pelikhov is not required to rely upon the Security Interest and/or the Collateral secured therein in the event of breach of this Agreement, but may proceed directly against Defendants.

 (c) **As a material inducement to Pelikhov entering into this Agreement, each Defendant agrees that their obligations pursuant to this Agreement (including, without limitation, their obligations to pay the Settlement Amount) are not dischargeable in the currently pending bankruptcy proceeding or any future or other bankruptcy, insolvency, dissolution, liquidation or debt restructuring.**

 3. **Representations and Warranties**. Each or the Parties separately represent and warrant that they have read this Agreement, they have had the opportunity to review this Agreement with their attorney and understand its contents, that they are authorized to execute this Agreement and that it is a valid and binding agreement enforceable according to its terms.

 4. **Litigations**.

 (a) Upon full execution of this Agreement, counsel for Defendants shall file a Motion to Approve Settlement Agreement with the Bankruptcy Court. This Agreement shall be contingent upon the Bankruptcy Court's approval of the Settlement Agreement as provided to the Bankruptcy Court.

 (b) Upon Pelikhov's receipt of the Initial Payment, the Parties shall file joint notices of dismissals with prejudice) in the Litigations.

5. **Release of Pelikhov**. For good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, Defendants, on behalf of themselves and their respective subsidiaries, affiliates, successors, sister companies, related companies, shareholders, members, agents, assigns, employees and attorneys, hereby release and forever waive, to the fullest extent permitted by law, any and all claims, known or unknown, including claims for costs and attorneys' fees, which they have as of the date hereof, may have had or ever had against Pelikhov and his affiliates, agents, assigns, successors, employees and attorneys, including but not limited to all claims, causes of actions or demands which were or which could have been raised in the Litigations.

6. **Release of Defendants**. Explicitly subject to and contingent on Defendants' payment of the Initial Amount and subject to the Defendants being in compliance with the terms and obligations of this Agreement, Pelikhov releases and forever waives, to the fullest extent permitted by law, all claims, known or unknown, including claims for costs and attorneys' fees, which he has as of the date hereof, may have had or ever had against Defendants and their respective subsidiaries, affiliates, successors, sister companies, related companies, shareholders, members, agents, assigns, employees and attorneys that were raised or that could have been raised in the Litigations.

7. **No Admission of Liability**. Nothing contained in this Agreement shall be construed or interpreted as an admission of liability by any Party.

8. **Choice of Law and Jurisdiction; Enforcement**. The Parties agree that this Agreement shall be construed under the laws of the Commonwealth of Massachusetts. The Parties each agree that the courts in Boston, Massachusetts shall have exclusive jurisdiction over any action arising out of, or in relation to this Agreement and each consent to the jurisdiction of such courts solely in connection with actions arising out of or relating to this Agreement. In the event that a Party must take legal action to enforce the terms of this Agreement, the prevailing party shall be entitled to its legal costs and expenses, including reasonable attorneys' fees, in addition to any other judgment.

9. **Notices**. Unless a Party provides otherwise in writing, all notices required or desired to be given pursuant to this Agreement shall be given (i) by hand, (ii) express courier, or (iii) certified mail, return receipt requested, to the other party at the address set forth below or at such other address as such party may designate in writing. Each party hereto has an affirmative duty to notify each other Party of a change of address for notices or other deliveries. Each such notice hereunder will be effective upon the date of delivery.

Pelikhov:
Eugene Pelikhov
c/o Boston Law Group, PC
825 Beacon Street, Suite 20
Newton Centre, Massachusetts 02459

With copy to:
Valentin Gurvits, Esq.

3

Boston Law Group, PC
825 Beacon Street, Suite 20
Newton Centre, Massachusetts 02459

<u>Defendants:</u>

_____
_____
_____

10.    **General Terms**.

(a)    This Agreement constitutes the complete and final expression of the entire and only understanding between the Parties relating to the subject matter of this Agreement and/or the Litigations, and supersedes any prior written or oral representation between the Parties. The Parties specifically disclaim any reliance upon any and all prior written or oral representations by any of the Parties. This Agreement may not be altered, modified or amended except by a writing signed by each of the Parties.

(b)    If any provision of this Agreement, or the application of any such provisions to any of the Parties is held by a court of competent jurisdiction to be invalid, unlawful or unenforceable, (i) the remaining provisions of this Agreement will nonetheless be valid and enforceable and shall remain in full force and effect, and will not be affected, impaired or invalidated in any manner and (ii) the invalid, unlawful or unenforceable provision will be deemed superseded by a valid, lawful and enforceable provision that most closely matches the intent of the original provision.

(c)    Nothing herein is intended, nor will be deemed to confer rights or remedies upon any third party.

(d)    The headings in this Agreement are inserted for convenience of reference only and are not to be considered in the interpretation or construction of the provisions hereof. The singular of any term shall include the plural, and vice versa. All uses of "including" herein shall be interpreted to mean "including, but not limited to."

(e)    This Agreement may be executed in two or more counterparts, each of which, when so executed and delivered, shall be an original, but both of which together shall constitute one and the same instrument.

(f)    Any waiver by any Party of any right shall not operate or be construed as a general waiver.

(g)    Each Party has cooperated in the drafting and preparation of this Agreement. The Parties acknowledge and agree that none of the terms or provisions of this Agreement shall be construed against any Party on the basis of being the sole drafter.

    (h)    The Parties acknowledge that this Agreement has been entered into freely and voluntarily, and that the Parties have been represented or have had the opportunity to be represented by independent legal counsel of their own choosing in the Litigations and in connection with this Agreement, including all negotiations which preceded the execution of this Agreement.

**[Signatures follow on next page]**

IN WITNESS WHEREOF, this Agreement has been duly executed and delivered by the undersigned persons, who each represent and warrant that they are fully authorized to execute this Agreement on behalf of, and to legally bind, the Party so indicated.

**EUGENE PELIKHOV**

By: _____
         Eugene Pelikhov

**LEV GOLDFARB**

By: _____
         Lev Goldfarb

**LYDMILA ROGALIN**

By: _____
         Lydmila Rogalin

**ALEXANDER GOLDFARB**

By: _____
         Alexander Goldfarb

**GOLD AND FARB, INC.**

By: _____
         Lev Goldfarb, its President

6