UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS (BOSTON)

_____

In re:
LEV GOLDFARB and                                    Chapter 13
LYDMILA ROGALIN,                                    Case No. 16-12339
        Debtor
_____

EUGENE PELIKOV,
        Plaintiff                                Adversary Proceeding
        Vs.                                      No: 16-01131-FJB
                                                 No. 16-01168-FJB
GOLD AND FARB, INC.,                                (consolidated)
LEV GOLDFARB,
ALEXANDER GOLDFARB AND
LYDMILA ROGALIN
        Defendants.

_____

LIMITED OPPOSITION TO MOTION TO APPROVE COMPROMISE
_____

NOW COME the Debtors, Lydmila Rogalin and Lev Goldfarb (hereinafter the "Debtors") through their counsel, Vladimir von Timroth, and respectfully submit this limited opposition to Motion to Approve Compromise, stating as follows:

1. On June 17, 2016, the Debtors commenced this bankruptcy case by filing a Voluntary Petition under Chapter 13 of the U.S. Bankruptcy Code.

2. On or about July 20, 2016, the Debtors commenced the above-captioned Adversary Proceeding by filing a Notice of Removal Pursuant to 28 U.S.C. Sec. 1446.

3. On or about September 30, 2016, the Creditor, Eugene Pelikov, commenced against the movants an Adversary Proceeding by filing an Adversary Proceeding Complaint, Docket No. 16-01168.

4. Both Adversary Proceedings were consolidated pursuant to this Court's Order dated November 29, 2016.

5. On or about April 27, 2017, all parties to the consolidated Adversary Proceedings, including Lev Goldfarb, Lydmila Rogalin, Alex Goldfarb, Gold & Farb, Inc. and Eugene Pelikov executed a settlement agreement (hereinafter the "Settlement Agreement").

6. Pursuant to the material terms of the Settlement Agreement, the Defendants were to pay Eugene Pelikov the sum of $90,000.00.

7. During the course of settlement negotiations all parties were represented by counsel.

8. Lev Goldfarb advised the undersigned counsel that he intended to obtain a loan on behalf of a non-debtor Defendant, Gold and Farb, Inc. from the relatives of his wife, Lydmila Rogalin.

9. Following the execution of the Settlement Agreement, Lev Goldfarb was charged with a criminal offence and is now subject to criminal prosecution in a matter pending in the Superior Court Department of the Commonwealth of Massachusetts.

10. Lev Goldfarb advised the undersigned that due to the fact that he is now a Defendant in a criminal case, his wife's relatives no longer willing to loan him the money necessary to consummate the settlement, as his future availability to manage Gold and Farb, Inc. store is now in question.

11. The U.S. District Court, (Saris, U.S.D.J.) opined in In re: Servisense.com, Inc. (Mass. 2003) that when "[b]etween the time that the [settlement] motion is filed and the hearing held, events may change with no longer make the settlement advantageous to the estate. Under these circumstances, it had been held to be appropriate for the debtor to oppose its own motion to compromise." (citing William L. Norton, Jr., Norton Bankruptcy Law and Practice 2d §145:2(1997)

12. By analogy, the post settlement change of circumstances in the instant matter appears to make it impossible, at this time, to consummate the negotiated and fully executed settlement agreement between the Plaintiff and the Defendants.

13. It is the Debtors' counsel position, shared by the Debtors, that the compromise between the Debtors, non-debtor Defendants and the Plaintiff, Mr. Pelikov, is fair, reasonable and in the best interest of the estate, as it puts to rest the dispute that lasted for several years, reduces the costs of litigation on the bankruptcy estate, and would remove yet another obstacle to successful reorganization of the Debtors. However, in view of the fact, based on Mr. Goldfarb's representation, that, what can be characterized as a settlement loan to Gold & Farb, Inc., at list for a time being, is no longer available, makes approval of the settlement agreement in its current form potentially harmful to the estate and the entire body of creditors.

14. Therefore, the Debtors take the position, that this Court should approve those parts of the settlement which are not affected and modify the settlement agreement in such manner that would be appropriate under the circumstances.

WHEREFORE, the Defendants thorough their counsel request this Court to approve the compromise between the parties to the extent this Court deems appropriate under the circumstances and grant such other and further relief as is just and proper.

        LEV GOLDFARB and
        LUDMILA ROGALIN
        By their counsel:

        */s/ Vladimir von Timroth*
        _____
        Vladimir von Timroth, Esq., BBO #643553
        Law Office of Vladimir von Timroth
        405 Grove Street, Suite 204
        Worcester, MA 01605
        Tel. 508-753-2006
        Fax 774-221-9146
        vontimroth@gmail.com

Dated: June 21, 2017

CERTIFICATE OF SERVICE

I, Vladimir von Timroth, do hereby certify that I will, upon receipt of the notice of electronic service, serve a copy of the within document by mailing the same to any of the parties below who are not deemed to have consented to electronic notice or service under EFR 9.

/s/ *Vladimir von Timroth*
_____
Vladimir von Timroth, Esq., BBO #643553
vontimroth@gmail.com

Dated: June 21, 2017

Lev Goldfarb
Lydmila Rogalin
6 Loring Hills Avenue, C-6
Salem, MA 01970

John Fitzgerald
Office of the US Trustee
J.W. McCormack Post Office & Courthouse
5 Post Office Sq., 10th Fl, Suite 1000
Boston, MA 02109

Carolyn Bankowski-13
Chapter 13 Trustee Boston
P. O. Box 8250
Boston, MA 02114

Eugene Pelikhov
14 Orleans Avenue
Salem, MA 01970

Gary W. Cruickshank
Law Office of Gary W. Cruickshank
21 Custom House Street
Suite 920
Boston, MA 02110

Evan Fray-Witzer
Ciampa Fray-Witzer
20 Park Plaza
Suite 505
Boston, MA 02116

Valentin D. Gurvits
Matthew Shayefar
Boston Law Group PC
825 Beacon Street
Ste. 20
Newton Centre, MA 02459

Gold and Farb, Inc.
151-153 Broad Street
Lynn, MA 01901

Alexander Goldfarb
154 Lynnway, Apt. 515
Lynn, MA 01902

James P. Ehrhard
Ehrhard & Associates, P.C.
250 Commercial Street
Suite 410
Worcester, MA 01608