UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| LEV GOLDFARB and | ) | Chapter 13 |
| LYDMILA ROGALIN, | ) | Case No. 16-12339-FJB |
| | ) | |
| Debtors | ) | |
| | ) | |
| | ) | |
| EUGENE PELIKHOV, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Adversary Proceeding |
| v. | ) | No. 16-01168-FJB |
| | ) | |
| GOLD AND FARB, INC., | ) | |
| LEV GOLDFARD, | ) | Adversary Proceeding |
| ALEXANDER GOLDFARB and | ) | No. 16-1131-FJB |
| LYDMILA ROGALIN | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**DEFENDANTS, GOLD AND FARB, INC. AND ALEXANDER GOLDFARB'S, OPPOSITION TO "MOTION TO ENFORCE AND APPROVE SETTLEMENT AGREEMENT"**

Now comes the Defendants, Gold and Farb, Inc. ("G&F") and Alexander Goldfard ("A. Goldfarb") (jointly "Defendants"), by counsel, and respectfully OPPOSE the Motion of the Plaintiff, Eugene Pelikhov ("Pelikhov"), to "Enforce and Approve Settlement Agreement". In support thereof, the Defendants state the following:

1. The Defendants admit that Pelikhov filed a lawsuit making such claims. The Defendants have without equivocation denied the claims made in the lawsuit.

2. The Defendants admit that Pelikhov seeks such sum. The Defendants further state that this number has no basis in reality.

3. The Defendants admit the assertions in this paragraph. The Defendants further remind this court that G & F is the main asset of the Debtors and their main source of income. Any chapter 13 Plan is foundationally based on the business management success of the Debtor, Lev Goldfarb.

4. The Defendants deny that a settlement agreement had been finalized such that it was ready for the seeking of approval from this Honorable Court. Any settlement agreement is a cohesive agreement among all parties and requires the successful completion and confirmation of a Chapter 13 Plan.

5. The Defendants deny the assertions in paragraph 5 and further state that no agreement was finalized and executed with finality.

6. The Defendants deny the assertions in paragraph 6. Any settlement agreement is a cohesive agreement among all parties and requires the successful completion and confirmation of a Chapter 13 Plan.

7. The Defendants deny the assertions in paragraph 7.

8. The Defendants and the Debtors had and have no obligation to file the settlement agreement because no agreement had been reached in finality or totality.

9. The Defendants deny the assertions in paragraph 9.[1]

---

[1] It is notable that Pelikhov fails to tell the court that it is his counsel, Valentin Gurvits, along with another who filed a personal criminal complaint against the Defendant/Debtor Lev Goldfrab in the Lynn (MA) District Court (even though the police chose to not take any action of any kind after attorney Gurvits and another complained). Of further note is that Attorney Gurvits never showed up for the Magistrate's Hearing in Lynn which he caused to be scheduled against Lev Golfarb and which caused the financial instability referenced in Lev Goldfarb's and Lydmila Rogalin's Opposition to this Motion.

WHEREFORE, the Defendants, Gold and Farb, Inc. and Alexander Goldfarb, respectfully request that this Honorable Court deny the Motion to Approve and Enforce filed by the Plaintiff.

    Respectfully submitted,

    /s/ James P. Ehrhard
    James P. Ehrhard, Esq.
    BBO 651797
    Ehrhard & Associates, P.C.
    250 Commercial Street, Ste 410
    Worcester, MA 01608
    (508) 791-8411
    ehrhard@ehrhardlaw.com

Dated:  July 3, 2017

# CERTIFICATE OF SERVICE

    I, James P. Ehrhard, do hereby certify that upon receipt of the notice of electronic service, I will immediately serve a copy of the above Opposition via first class mail to the parties listed below if not noted as having received electronic service:

Evan Fray-Witzer, Esq., VIA ECF

Valentin D. Gurvits, Esq., VIA ECF

Matthew Shayefar, Esq., VIA ECF

Vladimir von Timroth, Esq.. VIA ECF

Gary W. Cruickshank. Esq. VIA ECF

                                                  /s/ James P. Ehrhard
                                                  James P. Ehrhard, Esq.

Dated:  July 3 2017