## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re:<br>   LEV GOLDFARB and<br>   LYDMILA ROGALIN,<br>      Debtors.<br><br>EUGENE PELIKHOV,<br>      Plaintiff,<br>v.<br><br>GOLD AND FARB, INC., LEV<br>GOLDFARB, ALEXANDER<br>GOLDFARB and LYDMILA ROGAIN,<br>      Defendants. | Chapter 13<br>Case No. 13-10870-MSH<br><br>Adversary Proceeding 16-1131-FJB<br><br>Adversary Proceeding 16-1168-FJB |

**TRUSTEE'S LIMITED OBJECTION TO MOTION
TO ENFORCE AND APPROVE SETTLEMENT AGREEMENT**

Now comes Carolyn A. Bankowski, Standing Chapter 13 Trustee ("Trustee"), and respectfully files her Limited Objection to the Motion to Enforce and Approve Settlement Agreement filed by the Plaintiff, Eugene Pelikhov ("the Motion"), as follows:

1.    The Trustee was not a party to the Settlement and has no position with respect to the Plaintiff's allegations regarding the negotiations and/or actions with respect to the Settlement. Further, the Motion was not served on the Trustee, and as such, the Trustee was not aware of the Settlement until the Trustee received notice of the hearing scheduled on the Motion.

2.    The Trustee objects to the enforcement of the Settlement Agreement as to the Debtors because the Settlement Agreement fails to state the source of the $100,000.00 settlement amount. The Trustee objects to any of the settlement funds being paid by the Debtors or out of the Debtors' non-exempt assets, including their collective interest in Gold and Farb, Inc. ("the Corporation").

3.    The Trustee also objects to the enforcement as to the Debtors of that part of the Settlement Agreement which grants the Plaintiff a security interest in the assets of the Corporation. The Debtors' interest in the Corporation is property of the estate, and the Debtors are not authorized to grant a security interest in their interest. Further, the Proof of Claim filed by the Plaintiff lists an unsecured claim, and by granting a security interest the Debtors are granting the Plaintiff a secured claim to the detriment of the other unsecured creditors.

4.	The Trustee does not object to the enforcement of the Settlement Agreement as to the Defendant Alexander Goldfarb.  The Trustee objects to the enforcement of the Settlement Agreement as to the Defendant Gold and Farb, Inc. only to the extent that the Settlement effects the Debtors' collective interest in the Corporation.

WHEREFORE the Trustee requests that this Court schedule a hearing on the Motion; and grant such other relief as this Court deems proper.

Dated: July 7, 2017				Respectfully submitted,

						Carolyn A. Bankowski
						Standing Chapter 13 Trustee
						/s/ Patricia A. Remer
						Carolyn A. Bankowski, BBO#631056
						Patricia A. Remer, BBO #639594
						Office of the Chapter 13 Trustee
						PO Box 8250
						Boston, MA  02114-0022
						(617) 723-1313
						13trustee@ch13boston.com


**Certificate of Service**

The undersigned hereby certifies that on July 7, 2017, a copy of the foregoing Trustee's Limited Objection was served via first class mail, postage prepaid, or by electronic notice, on the debtors, attorney Vladimir von Timroth, attorney James P. Ehrhard, and attorney Matthew Shayefar, Esq., at the addresses set forth below.


| | |
|---|---|
| Lev Goldfarb | Vladimir von Timroth |
| Lydmila Rogalin | Law Office of Vladimir von Timroth |
| 6 Loring Hills Avenue, C-6 | 405 Grove Street, Suite 204 |
| Salem, MA 01970 | Worcester, MA 01 |
| | |
| James P. Ehrhard | Matthew Shayefar |
| Ehrhard & Associates, P.C. | Boston Law Group PC |
| 250 Commercial Street | 825 Beacon Street |
| Suite 410 | Ste. 20 |
| Worcester, MA 01608 | Newton Centre, MA 02459 |


						/s/Patricia A. Remer
						Patricia A. Remer, BBO#639594

2