**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**
**EASTERN DIVISION**

| | |
|---|---|
| In re:<br><br>LEV GOLDFARB and<br>LYDMILA ROGALIN,<br><br>   Debtors | **Chapter 13**<br>**Case No. 16-12339-FJB** |
| EUGENE PELIKHOV,<br><br>   Plaintiff,<br><br>v.<br><br>GOLD AND FARB, INC.,<br>LEV GOLDFARB,<br>ALEXANDER GOLDFARB and<br>LYDMILA ROGALIN,<br><br>   Defendants. | **Adversary Proceeding**<br>**No. 16-1131-FJB**<br><br>**Adversary Proceeding**<br>**No. 16-01168-FJB** |

**EUGENE PELIKHOV'S REPLY TO TRUSTEE'S OPPOSITION TO**
**MOTION TO ENFORCE AND APPROVE SETTLEMENT AGREEMENT**

Mr. Eugene Pelikhov, creditor in the above captioned Chapter 13 proceeding and Plaintiff in the above captioned adversary proceedings, herewith replies to the Opposition of the Standing Chapter 13 Trustee Carolyn A. Bankowski (the "Trustee") to Mr. Pelikhov's Motion to Enforce and Approve Settlement Agreement (the "Motion").

**I.    Gold and Farb, Inc.'s Transactions Are Not Reviewable by the Court**

The Trustee objects to the enforcement of the Settlement Agreement as against Non-Debtor Defendant Gold and Farb, Inc. ("GFI") on the basis that its entry into the Settlement Agreement somehow affects the Debtors' estate. But because GFI is not a debtor in bankruptcy,

1

its transactions are not reviewable by this Court nor should they be subject to the objections of the Trustee.

Debtor Lev Goldfarb is only a 50% owner of GFI (Debtor Lydmila Rogalin is not an owner of GFI). "A corporation has a separate identity from its owners and, therefore, assets held by corporate entities are not property of an individual shareholder's bankruptcy estate." In re D'Alessio, No. 8-08-72819-REG, 2014 WL 201871, at *9 (Bankr. E.D.N.Y. Jan. 17, 2014). *See*, *also* Manson v. Friedberg, No. 08 Civ. 3890(RO), 2013 WL 2896971 at *3–4 (S.D.N.Y. June 13, 2013) ("The fact that Defendant ... holds an ownership interest in [an] entity does not give him an ownership interest in assets owned by that entity."); In re Billingsley, 338 B.R. 372, 375 (Bankr.C.D.Ill.2006) ("[I]t is well-settled that assets owned by a corporation are not included in the bankruptcy estate of an individual shareholder."); In re Peoples Bankshares, Ltd., 68 B.R. 536, 539 (Bankr. N.D. Iowa 1986) ("Although a debtor owns 100 percent of the stock of a corporation, the property interest of the debtor's bankruptcy estate extends only to the intangible personal property rights represented by the stock certificates….").

Because the corporation owned by Debtor Lev Goldfarb is not itself in the bankruptcy, the transactions of the corporation are not reviewable by the bankruptcy court. This is the case even in an analogous situation where the debtor seeks a discharge of transactions under Section 727(a)(2)(A) of the Bankruptcy Code. See Matter of Myrick, 172 B.R. 633, 637–38 (Bankr. D. Neb. 1994) ("BPS argues that the debtor had a sufficient ownership interest that the transfer depleted the debtor's bankruptcy estate. In concurrence with the Tenth Circuit decision of *In re Thurman,* 901 F.2d 839 (10th Cir.1990), I conclude that § 727(a)(2)(A) does not apply to the transfer of the assets of a corporation in which the debtor is a shareholder."); In re McKeever, 550 B.R. 623, 637 (Bankr. N.D. Ga. 2016) ("As a result, a debtor's transfer of corporate assets

generally cannot result in denial of discharge under Section 727(a)(2)."). And simply calling the assets or transactions of a corporation the assets or the transactions of the debtors, even if the ownership interest in the corporation is a major asset of the debtors, does not change the analysis. *See* In re Saleh, 427 B.R. 415, 423–24 (Bankr. S.D. Ohio 2010) ("[R]egardless of how the Debtors scheduled these assets, the Debtors' actual property interests are determined by reference to nonbankruptcy law; the mere filing of a petition and schedules by the Debtors cannot be used to increase or enhance those interests beyond what existed at the time of the filing…. In other words, if Food City, and not the Debtors, owns the property under Ohio law at the time of the bankruptcy filing, then the mere scheduling of assets by the Debtors does not create an ownership interest in them nor do the assets become property of the estate.").

The short of this is that a transaction of a corporate entity owned by a debtor, much like the Settlement Agreement at issue here, even if it results in a supposed indirect diminution in value to the debtor/shareholder, is simply not a part of the bankruptcy and irrelevant. As a Bankruptcy Court in Texas held:

> For example, it has long been held in this circuit that "a corporation's acquisition of an asset does not constitute an acquisition by the corporate shareholders, absent some actual or bookkeeping transfer of the asset from one entity to the other." *Engel v. Teleprompter Corporation,* 703 F.2d 127, 131 (5th Cir.1983). Similarly, the assets or income of a corporation cannot be imputed to a shareholder absent some actual transfer. *City of Woodway v. United States,* 681 F.2d 975, 980 (5th Cir.1982); *Matter of Sandefer,* 47 B.R. 133 (Bkrtcy.N.D.Ala.1985). How, then, can it be said that the *sale* of an asset by a corporation is imputed to the shareholder? To the extent the property at issue here was an asset of Texas Plaza Development Corporation, how can it be said that the property was an asset of Tecon Realty Corporation, a mere shareholder? The clear answer is that the property in question was not an asset of either Debtor. Consequently, this Court had no authority to approve the sale. *This Court is and should be completely indifferent to the affairs of nondebtors involving assets which are not property of the estate. The possibility of an equitable distribution of profits to a debtor-shareholder sometime in the future does not justify the abrogation of this principle.*

In re Murchison, 54 B.R. 721, 728 (Bankr. N.D. Tex. 1985) (emphasis added).

3

If a bankruptcy court was to review every transaction of a corporate entity owned by a debtor, the transactions of the world would very quickly come to a halt because the result is that a debtor that owns a single share in a publicly traded company could force the bankruptcy court to review and approve every transaction of that publicly traded company. If Mr. Lev Goldfarb owned a few shares of IBM, this court would not review a sales contract between IBM and Google. Nor should this court review GFI's entry into the Settlement Agreement with Mr. Pelikhov.

## Conclusion

On the basis of the foregoing and as set forth in the Motion, Mr. Pelikhov prays that this honorable Court will issue an order in conformity with the relief requested in the Motion to approve the Settlement Agreement.

Respectfully Submitted,

/s/ Matthew Shayefar, Esq.
Matthew Shayefar (BBO# 685927)
Valentin D. Gurvits (BBO# 643572)
BOSTON LAW GROUP, PC
825 Beacon Street, Suite 20
Newton Centre, Massachusetts 02459
Tel: 617-928-1806
Fax: 617-928-1802
matt@bostonlawgroup.com
vgurvits@bostonlawgroup.com

Dated: July 11, 2017

## Certificate of Service

I hereby certify that this document, filed through the ECF system on July 11, 2017, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF). Furthermore, I hereby certify that I sent a copy of this document to the Chapter 13 Trustee Carolyn Bankowski by e-mail to 13trustee@ch13boston.com on July 11, 2017.

/s/ Matthew Shayefar, Esq.