# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MASSACHUSETTS
# EASTERN DIVISION

| | |
|---|---|
| In re:<br><br>LEV GOLDFARB and<br>LYDMILA ROGALIN,<br><br>   Debtors | **Chapter 13**<br>**Case No. 16-12339-FJB** |
| EUGENE PELIKHOV,<br><br>   Plaintiff,<br><br>v.<br><br>GOLD AND FARB, INC.,<br>LEV GOLDFARB,<br>ALEXANDER GOLDFARB and<br>LYDMILA ROGALIN,<br><br>   Defendants. | **Adversary Proceeding**<br>**No. 16-1131-FJB**<br><br>**Adversary Proceeding**<br>**No. 16-01168-FJB** |

**EUGENE PELIKHOV'S REPLY TO DEFENDANTS' OPPOSITIONS TO
MOTION TO ENFORCE AND APPROVE SETTLEMENT AGREEMENT**

     Mr. Eugene Pelikhov, creditor in the above captioned Chapter 13 proceeding and Plaintiff in the above captioned adversary proceedings, herewith replies to the Oppositions of Debtors/Defendants Lev Goldfarb and Lydmila Rogalin ("Debtors"), and Non-Debtors/Defendants Gold and Farb, Inc. and Alexander Goldfarb ("Non-Debtor Defendants") to Mr. Pelikhov's Motion to Enforce and Approve Settlement Agreement (the "Motion"). In particular, Defendants made misleading statements in their Oppositions and Mr. Pelikhov hereby responds to set the record straight.

1

**I.	Lev Goldfarb Used Illegal Means in an Attempt to Affect the Outcome of this Proceeding**

Defendants object to the enforcement of the Settlement Agreement on the basis of a criminal proceeding currently pending against Mr. Goldfarb. What Defendants fail to share with the Court is that the criminal proceedings arise out of Debtor Mr. Lev Goldfarb's attempts to use blackmail and extortion to illegally affect the outcome of this federal action. Specifically, Mr. Lev Goldfarb has threatened blackmail and extortion against four individuals who he believed have influence over Mr. Pelikhov. Mr. Pelikhov's counsel in this matter, Attorney Val Gurvits was one of those individuals. An outline of the factual basis underpinning Mr. Lev Goldfarb's actions is set forth in the Affidavit of Alexander Litvak, attached hereto as Exhibit 1.

However, the criminal proceeding is irrelevant to whether the Settlement Agreement should be enforced. The Settlement Agreement was executed on April 27, 2017. The original probable cause hearing for the criminal charges against Mr. Lev Goldfarb was scheduled for March 20, over a month before the Settlement Agreement was executed. *See* Declaration of Valentin Gurvits, attached hereto as Exhibit 1, ¶ 2. Defendants knew about the pending criminal charges before they signed the Settlement Agreement.

The probable cause hearing for the criminal charges against Mr. Lev Goldfarb was then rescheduled for May 1, 2017. *Id.*, ¶ 3. In other words, at the time they executed the Settlement Agreement, Defendants knew of the pending criminal charges.

Attorney Gurvits did not attend the probable cause hearing on May 1, 2017 because he was out of the country at the time, but the hearing took place in his absence (but in the presence of the other victims) and at the hearing Mr. Lev Goldfarb provided testimony. Following the hearing, the Commonwealth determined that it would go forward with the criminal charges against Mr. Goldfarb. *Id.*, ¶ 4.

All of the Defendants knew of the charges against Mr. Lev Goldfarb when they entered into the Settlement Agreement and their attempt to wiggle out of the Settlement Agreement at this point on the basis of that pending criminal proceeding is meritless, if not deceitful. Contrary to the allegations of Defendants in their oppositions, nothing of substance changed between the time when they executed the Settlement Agreement and when they decided they no longer wanted to be subject to the Settlement Agreement. The criminal proceeding was pending before they executed the Settlement Agreement, it continued to be pending after they executed the Settlement Agreement and has absolutely nothing to do with the Settlement Agreement or its enforceability.

## II.  Non-Debtor Defendants' Allegations That the Settlement Agreement Was Not "Final" is Without Basis in Reality

Repeatedly throughout their opposition Non-Debtor Defendants Gold and Farb, Inc. and Alexander Goldfarb allege that the Settlement Agreement was not executed or reached with "finality." It is telling that they present no reason as to why they believe the fully executed agreement was not "final" – it is because the Settlement Agreement was in fact final and complete when it was signed. The parties exchanged signatures. In fact, Defendants' attorney, Mr. James Ehrhard, emailed to Attorney Gurvits the executed Settlement Agreement on April 27, 2017, in an email entitled "Goldfarb settlement agreement". *Id.*, ¶ 5. Attorney Gurvits then emailed the Settlement Agreement counter-executed by Mr. Pelikhov to Defendants' Attorneys Ehrhard and von Timroth on April 29, 2017. *Id.*, ¶ 6

The Settlement Agreement contained no contingency other than the Court's approval as explained in the Motion and, for the reasons set forth in the Motion, this Court should grant its approval. The Court should disregard Gold and Farb, Inc. and Alexander Goldfarb's allegations

3

of the non-finality of the Settlement Agreement, as these allegations are an absolute and baseless fabrication.

## Conclusion

On the basis of the foregoing and as set forth in the Motion, Mr. Pelikhov prays that this honorable Court will issue an order in conformity with the relief requested in the Motion to approve the Settlement Agreement.

Respectfully Submitted,

/s/ Matthew Shayefar, Esq.
Matthew Shayefar (BBO# 685927)
Valentin D. Gurvits (BBO# 643572)
BOSTON LAW GROUP, PC
825 Beacon Street, Suite 20
Newton Centre, Massachusetts 02459
Tel: 617-928-1806
Fax: 617-928-1802
matt@bostonlawgroup.com
vgurvits@bostonlawgroup.com

Dated: July 11, 2017

## Certificate of Service

I hereby certify that this document, filed through the ECF system on July 11, 2017, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF). Furthermore, I hereby certify that I sent a copy of this document to the Chapter 13 Trustee Carolyn Bankowski by e-mail to 13trustee@ch13boston.com on July 11, 2017.

/s/ Matthew Shayefar, Esq.
